

FILED

2020 May-04  PM 01:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTICT OF ALABAMA NORTHEASTERN DIVISION

| | | |
|---|---|---|
| PHILIP DWIGHT SISK, JR., | § | |
| | § | |
| **Plaintiff,** | § | CIVIL ACTION NO.: |
| | § | |
| v. | § | 5:20-cv-00620-HNJ |
| | § | |
| SERGII FEDOROVYCH; VGV SERVICES INC.; MAKS EXPRESS INC.; GIG LOGISTICS INC. NATIONWIDE GENERAL INSURANCE COMPANY; VASSILI GRICHAEV; IGOR MAKOTA; DENYS MUZYKA; BOBBY KING; ET AL., | § § § § § § § § § | |
| | § | |
| **Defendants.** | § | |

---

## DEFENDANT NATIONWIDE GENERAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

---

COMES NOW the Defendant, Nationwide General Insurance Company, and for Answer to the Plaintiff's Complaint states as follows:

### JURISDICTION AND VENUE

1.    Upon information and belief, Nationwide admits the allegations.

2.    Upon information and belief, Nationwide admits the allegations.

3.    Upon information and belief, Nationwide admits the allegations.

4.    Upon information and belief, Nationwide admits the allegations.

5.    Upon information and belief, Nationwide admits the allegations.

6.    Upon information and belief, Nationwide admits the allegations.

7.    Upon information and belief, Nationwide admits the allegations.

8.    Upon information and belief, Nationwide admits the allegations.

9.    Nationwide admits that an individual named "Bobby King" with the phone number "646-495-9245" was listed as the owner of the commercial vehicle being operated by Sergii Fedorovych at the time of the subject accident. Nationwide is without sufficient information to admit or deny the remaining allegations contained in this Paragraph, and therefore, demands strict proof thereof.

10.    Nationwide admits that the Plaintiff sometimes collectively refers to the referenced defendants as "Non-Driver Defendants" within his Complaint.

11.    Nationwide admits the allegations.

12.    The allegations contained within the Paragraph state legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Nationwide denies the allegations, contests those injuries and damages asserted, and demands strict proof thereof.

13.    Nationwide admits that the Plaintiff sometimes collectively refers to all named and fictitious defendants as "Defendants" within his Complaint.

## FACTS COMMON TO ALL COUNTS

14.    Nationwide admits that on or about January 30, 2019, a motor vehicle collision occurred on Alabama Highway 53 at or near the intersection of Old Railroad Bed Rd. in Madison County, Alabama, involving a vehicle, as described, operated by Sergii Fedorovych, and a vehicle, as described, operated by Philip Dwight Sisk, Jr. Nationwide denies the remaining allegations and demands strict proof thereof.

15.    Nationwide admits that the collision involved a vehicle operated by Sergii Fedorovych and a vehicle operated by Philip Dwight Sisk, Jr.

16.    Nationwide is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore, demands strict proof thereof.

17.    Nationwide denies that it is liable to the Plaintiff under the terms and provisions of the Nationwide Policy issued to Philip Dwight Sisk, Sr. Nationwide is without sufficient information to admit or deny the remaining allegations contained in this Paragraph, and therefore, demands strict proof thereof.

18.    Nationwide is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore, demands strict proof thereof.

19.    Nationwide is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore, demands strict proof thereof.

20.     Nationwide is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore, demands strict proof thereof.

21.     Nationwide denies the allegations, contests those injuries and damages asserted, and demands strict proof thereof.

22.     Nationwide is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore, demands strict proof thereof.

23.     Nationwide is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore, demands strict proof thereof.

24.     Nationwide is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore, demands strict proof thereof.

25.     Nationwide is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore, demands strict proof thereof.

26.     Nationwide is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore, demands strict proof thereof.

27.     Nationwide is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore, demands strict proof thereof.

28.     Nationwide is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore, demands strict proof thereof.

29.     Nationwide is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore, demands strict proof thereof.

30.    Nationwide is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore, demands strict proof thereof.

31.    Nationwide is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore, demands strict proof thereof.

32.    Nationwide is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore, demands strict proof thereof.

**COUNT I – NEGLIGENCE/WANTONNESS; NEGLIGENCE PER SE**

33.    Nationwide reasserts and incorporates, as if fully set forth herein, each and every response contained in the preceding Paragraphs.

34.    Nationwide admits that on or about January 30, 2019, a motor vehicle collision occurred on Alabama Highway 53 at or near the intersection of Old Railroad Bed Rd. in Madison County, Alabama, involving a vehicle, as described, operated by Sergii Fedorovych, and a vehicle, as described, operated by Philip Dwight Sisk, Jr. Nationwide denies the remaining allegations and demands strict proof thereof.

35.    Nationwide denies the allegations and demands strict proof thereof.

36.    Nationwide denies the allegations, contests those injuries and damages asserted, and demands strict proof thereof.

37.    Nationwide denies that it is liable to the Plaintiff under the terms and provisions of the Nationwide Policy issued to Philip Dwight Sisk, Sr. Nationwide is

without sufficient information to admit or deny the remaining allegations contained in this Paragraph, and therefore, demands strict proof thereof.

38.     Nationwide denies the allegations, contests those injuries and damages asserted, and demands strict proof thereof.

## COUNT II – NEGLIGENT/WANTON ENTRUSTMENT

39.     Nationwide reasserts and incorporates, as if fully set forth herein, each and every response contained in the preceding Paragraphs.

40.     Nationwide admits that on or about January 30, 2019, a motor vehicle collision occurred on Alabama Highway 53 at or near the intersection of Old Railroad Bed Rd. in Madison County, Alabama, involving a vehicle, as described, operated by Sergii Fedorovych, and a vehicle, as described, operated by Philip Dwight Sisk, Jr. Nationwide denies the remaining allegations and demands strict proof thereof.

41.     Nationwide denies the allegations, contests those injuries and damages asserted, and demands strict proof thereof.

## COUNT III – NEGLIGENT/WANTON HIRING/TRAINING/SUPERVISION/RETENTION

42.     Nationwide reasserts and incorporates, as if fully set forth herein, each and every response contained in the preceding Paragraphs.

43.     Nationwide is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore, demands strict proof thereof.

44.     Nationwide is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore, demands strict proof thereof.

45.     Nationwide denies the allegations, contests those injuries and damages asserted, and demands strict proof thereof.

## **COUNT IV – UNDERINSURED MOTORIST COVERAGE**

46.     Nationwide reasserts and incorporates, as if fully set forth herein, each and every response contained in the preceding Paragraphs.

47.     Nationwide denies the allegations, contests those injuries and damages asserted, and demands strict proof thereof.

48.     Nationwide admits that there was in full force and effect a policy of insurance issued to Philip Dwight Sisk, Sr., providing for uninsured/underinsured motorist coverage, subject to the terms and conditions stated within the Policy. Nationwide denies the remaining allegations contained in this Paragraph, contests those injuries and damages asserted, and demands strict proof thereof.

49.     Nationwide denies the allegations, contests those injuries and damages asserted, and demands strict proof thereof.

50.     Nationwide admits that it was notified in a timely manner of the subject collision. Nationwide denies the remaining allegations contained in this Paragraph, contests those injuries and damages asserted, and demands strict proof thereof.

51.     Nationwide denies the allegations, contests those injuries and damages asserted, and demands strict proof thereof.

## COUNT V – FICTITIOUS PARTIES

52.     Nationwide reasserts and incorporates, as if fully set forth herein, each and every response contained in the preceding Paragraphs.

53.     The allegations contained within the Paragraph state legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Nationwide denies the allegations, contests those injuries and damages asserted, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Nationwide denies each and every material allegation and demands strict proof thereof.

### SECOND DEFENSE

Nationwide pleads that venue is improper.

### THIRD DEFENSE

Nationwide pleads that service is improper.

## **FOURTH DEFENSE**

Nationwide denies that it is liable to the Plaintiff for uninsured/underinsured motorist coverage under any Nationwide policy, by virtue of any act or omission on the part of any individual or entity, whether named in this action or otherwise.

## **FIFTH DEFENSE**

Nationwide pleads the affirmative defense of contributory negligence.

## **SIXTH DEFENSE**

Nationwide pleads the affirmative defense of sudden emergency, including, but not limited to, the more specific defense of sudden emergency by virtue of unforeseen medical emergency.

## **SEVENTH DEFENSE**

Nationwide denies that the Plaintiff is injured to the extent as alleged in the complaint and demands strict proof thereof.

## **EIGHTH DEFENSE**

Nationwide asserts Ala. Code §12-21-45 (1975, as amended), pursuant to *Dixie Marsh v. Rodgers Green, M.D.*, 782 So. 2d 223 (Ala. 2000), as its Eighth Affirmative Defense.  The Plaintiff claims damages for medical expenses and/or hospital expenses which have been, or which will be reimbursed or paid, in part or in full.

## NINTH DEFENSE

Nationwide asserts that it is entitled to a set off or credit of any and all settlement amounts paid by any party or potential party to this litigation, whether or not named herein, pursuant to *Williams v. Colquitt*, 272 Ala. 577, 133 So. 2d 364 (Ala. 1961), and its progeny.

## TENTH DEFENSE

Nationwide pleads the defense of lack of subject matter jurisdiction.

## ELEVENTH DEFENSE

Nationwide pleads the defense of lack of personal jurisdiction.

## TWELFTH DEFENSE

Nationwide pleads the affirmative defense of last clear chance.

## THIRTEENTH DEFENSE

Nationwide pleads the doctrine of release, estoppel (in all forms), waiver, ratification, and accord and satisfaction.

## FOURTEENTH DEFENSE

Nationwide pleads the doctrine of inconsistent positions as a defense to Plaintiff's allegations.

## FIFTEENTH DEFENSE

With regard to punitive damages, Nationwide pleads the following punitive damages defenses:

1.    The Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, and Article I Section 6 of the Constitution of Alabama, on the following grounds:

    a.    It is in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendant upon a plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    b.    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

    c.    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

    d.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provide vague or insufficient standards, for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

    e.    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

f.      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

g.      The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportioned, or bear a reasonable relationship, to the actual harm incurred.

h.      The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

2.   The Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

a.      It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon civil defendant upon a Plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.      The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendant;

c.      The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

e.      The award of the punitive damages in this case constitutes a deprivation of property without due process of law.

3.     The Plaintiff's attempt to impose punitive or extra-contractual damages on defendant, on the basis of vicarious liability for the conduct by others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

4.     The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

5.     The award of punitive damages against the Defendant(s) in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

6.     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code Section 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 6, of the Alabama Constitution.

## SIXTEENTH DEFENSE

With regard to punitive damages, Nationwide pleads that pursuant to Ala. Code § 6-11-21, Plaintiff may not recover punitive damages under the uninsured/underinsured motorist provisions of any Nationwide policy absent a finding that Nationwide has been expressly found by the trier of fact to have engaged in conduct warranting punitive damages.

## SEVENTEENTH DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted, and pursuant to Ala. R.Civ. P. 12(b)(6), his claims against Nationwide are due to be dismissed.

## EIGHTEENTH DEFENSE

Plaintiff has failed to mitigate his damages and seeks recovery for damages that could have been avoided using reasonable effort and care.

## NINETEENTH DEFENSE

Nationwide denies that the Plaintiff is insured under a policy issued by Nationwide, and therefore, Nationwide is not legally obligated to the Plaintiff to any extent or degree now or in the future on account of the alleged incident made the basis of the Complaint.

## TWENTIETH DEFENSE

Nationwide asserts that Sergii Fedorovych and/or the other "Non-Driver Defendants" were not owners or operators of an underinsured motor vehicle, as those terms are defined by any Nationwide General Insurance Company policy or by the Code of Alabama.

## TWENTY-FIRST DEFENSE

The policy or policies of insurance issued to Sergii Fedorovych and/or the "Non-Driver Defendants" have limits high enough to compensate Plaintiff fully for all damages allegedly sustained as a result of the accident giving rise to this suit.

## TWENTY-SECOND DEFENSE

Plaintiff failed in whole or in part to satisfy the contractual provisions of any Nationwide policy, which is prerequisite to a recovery under any such policy.

## TWENTY-THIRD DEFENSE

Nationwide specifically reserves the right to amend its Answer as future discovery may dictate.

**NATIONWIDE DEMANDS A TRIAL BY A STRUCK JURY**


ATTORNEYS FOR NATIONWIDE

 **/s/ Travis I. Keith_____**
Travis I. Keith (ASB-1942-S75K)

**OF COUNSEL:**
**GAINES GAULT HENDRIX, P.C.**
3500 Blue Lake Drive
Suite 425
Birmingham, Alabama 35243
(205) 402-4800
tkeith@ggh-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via electronic mail, CM/ECF and/or U.S. Mail, postage prepaid, upon the following counsel of record:

**Joe A. King, Jr.**
**Morris, King & Hodge, P.C.**
**200 Pratt Ave.**
**Huntsville, Alabama 35801**
**(256) 536-0588**
**JKing@mkhlawyers.com**

**Sergii Fedorovych**
**17620 Atlantic Blvd., Apt. 409**
**Sunny Isles Beach, Florida 33160**

**VGV Services Inc.**
**c/o J Expedious Envoy**
**3043 Hunters Run**
**Gardendale, Alabama 35071**

**Maks Express Inc.**
**c/o Igor Makota**
**1285 Earl Ave.**
**Des Plaines, Illinois 60018**

**Gig Logistics Inc.**
**c/o J Expedious Envoy**
**3043 Hunters Run**
**Gardendale, Alabama 35071**

**Vassili Grichaev**
**4015 Atlantic Ave., Apt. 1A2**
**Brooklyn, New York 11224**

**Igor Makota**
**1285 Earl Ave.**
**Des Plaines, Illinois 60018**

16

**Denys Muzyka**
**821 N. Indiana St., Apt. 2**
**Elmhurst, Illinois 60126**


This the 4th day of May, 2020.


**/s/ Travis I. Keith**
**OF COUNSEL**