

FILED

2020 Aug-13  PM 12:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| PHILIP DWIGHT SISK, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | CASE NO:   5:20-cv-00620-HNJ |
| SERGII FEDOROVYCH; VGV | ) | |
| SERVICES, INC.; MAKS | ) | |
| EXPRESS INC.; GIG LOGISTICS | ) | |
| INC.; NATIONWIDE GENERAL | ) | |
| INSURANCE COMPANY; | ) | |
| VASSILI GRICHAEV; IGOR | ) | |
| MAKOTA; DENYS MUZYKA; | ) | |
| BOBBY KING; et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER WITH JURY DEMAND

COMES NOW Defendant **VGV Services, Inc. ("Defendant")** in the above-styled cause, and in response to the Plaintiff's Complaint states as follows:

## JURISDICTION AND VENUE

1.    Upon information and belief, Defendant admits the allegations.

2.    Upon information and belief, Defendant admits the allegations.

3.    Defendant admits the allegations.

4.    Upon information and belief, Defendant admits the allegations.

5.    Upon information and belief, Defendant admits the allegations.

6.     Upon information and belief, Defendant admits the allegations.

7.     Upon information and belief, Defendant admits the allegations.

8.     Upon information and belief, Defendant admits the allegations.

9.     Defendant admits that an individual named "Bobby King" with the phone number "646-495-9245" was listed as the owner of the commercial vehicle being operated by Sergii Fedorovych at the time of the subject accident.   Defendant lacks knowledge sufficient to admit or deny the remaining allegations contained in paragraph 9 of Plaintiff's Complaint, and therefore, demands strict proof thereof.

10.     Defendant admits that the Plaintiff sometimes collectively refers to the referenced defendants as "Non-Driver Defendants" within his Complaint.

11.     Upon information and belief, Defendant admits the allegations.

12.     The allegations contained within the Paragraph state legal conclusions to which no response is necessary.   To the extent a response is deemed necessary, Defendant denies the allegations, contests those injuries and damages asserted and demands strict proof thereof.

13.     Defendant admits that the Plaintiff sometimes collectively refers to all named and fictitious defendants as "Defendants" within his Complaint.

## FACTS COMMON TO ALL COUNTS

14.     Defendant admits that on or about January 30, 2019, a motor vehicle collision occurred on Alabama Highway 53 at or near the intersection of Old

Railroad Bed Rd. in Madison County, Alabama, involving a vehicle, as described, operated by Sergii Fedorovych, and a vehicle, as described, operated by Philip Dwight Sisk, Jr.  Defendant denies the remaining allegations and demands strict proof thereof.

15.     Defendant admits that the collision involved a vehicle operated by Sergii Fedorovych and a vehicle operated by Philip Dwight Sisk, Jr.

16.     Defendant denies that on or about January 30, 2019 that Defendant Sergii Fedorovych was acting as an agent, servant and/or employee in the line and scope of his employment for Defendant VGV Services, Inc.  Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of Plaintiff's Complaint, and therefore denies same.

17.     Defendant denies all allegations made against Defendant VGV Services, Inc., denies it is liable to Plaintiff and demands strict proof thereof. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of Plaintiff's Complaint, and therefore denies same.

18.     Defendant denies the allegations and demands strict proof thereof.

19.     Defendant denies all allegations made against Defendant VGV Services, Inc., denies it is liable to Plaintiff and demands strict proof thereof. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining

allegations contained in paragraph 19 of Plaintiff's Complaint, and therefore denies same.

20.     Defendant denies all allegations made against Defendant VGV Services, Inc., denies it is liable to Plaintiff and demands strict proof thereof. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of Plaintiff's Complaint, and therefore denies same.

21.     Defendant denies the allegations and demands strict proof thereof.

22.     Defendant admits it was incorporated in 2018 and that Vassili Grichaev was the President, but denies all remaining allegations and demands strict proof thereof.

23.     Defendant denies the allegations and demands strict proof thereof.

24.     Defendant denies it hired Defendant Fedorovych.

25.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiff's Complaint, and therefore, demands strict proof thereof.

26.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiff's Complaint, and therefore, demands strict proof thereof.

27.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiff's Complaint, and therefore, demands strict proof thereof.

28.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's Complaint, and therefore, demands strict proof thereof.

29.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of Plaintiff's Complaint, and therefore, demands strict proof thereof.

30.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of Plaintiff's Complaint, and therefore, demands strict proof thereof.

31.     Defendant denies the allegations and demands strict proof thereof.

32.     Defendant denies the allegations and demands strict proof thereof.

## COUNT I
## NEGLIGENCE/WANTONNESS
## NEGLIGENCE PER SE

33.     Defendant incorporates by reference its prior admissions and denials in response to paragraphs 33 of Plaintiff's complaint.

34     Defendant admits that on or about January 30, 2019, a motor vehicle collision occurred on Alabama Highway 53 at or near the intersection of Old

Railroad Bed Rd. in Madison County, Alabama, involving a vehicle, as described, operated by Sergii Fedorovych and a vehicle, as described, operated by Philip Dwight Sisk, Jr. Defendant denies the remaining allegations and demands strict proof thereof.

35. Defendant denies the allegations and demands strict proof thereof.

36. Defendant denies the allegations and demands strict proof thereof.

37. Defendant denies the allegations against it and demands strict proof thereof.

38. Defendant denies the allegations against it and demands strict proof thereof.

**COUNT II**
**NEGLIGENCE/WANTON ENTRUSTMENT**

39. Defendant incorporates by reference its prior admissions and denials in response to paragraph 39 of Plaintiff's complaint.

40. Defendant admits that on or about January 30, 2019, a motor vehicle collision occurred on Alabama Highway 53 at or near the intersection of Old Railroad Bed Rd. in Madison County, Alabama, involving a vehicle, as described, operated by Sergii Fedorovych, and a vehicle, as described, operated by Philip Dwight Sisk, Jr. Defendant denies the remaining allegations and demands strict proof thereof.

41. Defendant denies the allegations against it and demands strict proof

thereof.

## COUNT III
## NEGLIENT/WANTON HIRING/TRANING/SUPERVISION/RETENTION

42.     Defendant incorporates by reference its prior admissions and denials in response to paragraph 42 of Plaintiff's complaint.

43.     Defendant denies the allegations against it and demands strict proof thereof.

44.     Defendant denies the allegations against it and demands strict proof thereof.

45.     Defendant denies the allegations and demands strict proof thereof.

## COUNT IV
## UNDERINSURED MOTORIST COVERAGE

46.     Defendant incorporates by reference its prior admissions and denials in response to paragraph 46 of Plaintiff's complaint.

47.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of Plaintiff's Complaint, and therefore demand strict proof thereof.

48.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of Plaintiff's Complaint, and therefore demands strict proof thereof.

49      Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of Plaintiff's Complaint, and therefore demands strict proof thereof.

50      Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of Plaintiff's Complaint, and therefore demands strict proof thereof.

51.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of Plaintiff's Complaint, and therefore demands strict proof thereof.

## COUNT V
## FICTITIOUS PARTIES

52.     Defendant incorporates by reference its prior admissions and denials in response to paragraph 52 of Plaintiff's complaint.

53.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of Plaintiff's Complaint, and therefore demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.      Defendant denies each and every material allegation of the Plaintiff's Complaint not already admitted and demands strict proof of the same.

2.      Defendant pleads that the Complaint fails to state a claim upon which relief can be granted as a matter of law.

3.      Defendant pleads the general issue.

4.      Defendant pleads that it is not guilty of the things and matters alleged in the Plaintiff's Complaint.

5.      Defendant affirmatively pleads that the Plaintiff was guilty of contributory negligence which proximately caused his alleged injuries, and, as a result, he is not entitled to recover.

6.      Defendant alleges that the Plaintiff has failed to mitigate his injuries and damages, if any.

7.      Defendant alleges that the Plaintiff was guilty of assumption of the risk, and as a result, he is not entitled to recover.

8.      Defendant alleges that its conduct was not the proximate cause of any injuries and damages to the Plaintiff.

9.       Plaintiff's damages, if any, are the result of a superceding independent intervening cause.

10.       Defendant alleges that the Plaintiff had the last clear chance to avoid the alleged accident.

11.      Defendant pleads the doctrine of sudden emergency.

12.      Defendant pleads the accident was unavoidable.

13.      Defendant pleads the doctrines of release, estoppel (in all forms), waiver, ratification and accord and satisfaction.

9

14.    The Plaintiff is not entitled to any alleged damages for mental anguish, emotional distress and punitive damages.

15.    The procedures by which damages for mental anguish are awarded to a plaintiff in Alabama violate the due process rights secured to the Defendant by the United States Constitution and the Constitution of the State of Alabama in that these procedures deprive the Defendant of its property without due process of law by failing to provide the jury with adequate standards or guidelines by which to render such an award.

16.    The procedures by which damages for mental anguish are awarded to a plaintiff in Alabama violate the due process rights secured to the Defendant by the United States Constitution and the Constitution of the State of Alabama in that these procedures deprive the Defendant of its property without due process of law by allowing the jury unbridled discretion to determine the amount of the award and thereby rendering such an award in an arbitrary and capricious manner.

17.    The procedures by which damages for mental anguish are awarded by juries in the State of Alabama violate constitutional rights secured to the Defendant under the United States Constitution and the Constitution of the State of Alabama by depriving the Defendant of its property without due process of law because no reasonable standard or guideline is given to the jury to ensure that the award is reasonable and further there is no meaningful standard for judicial review of the

award post-verdict to ensure that the award does not exceed constitutional limitations.

18.    The procedures by which damages for mental anguish are awarded by juries in the State of Alabama violate constitutional rights secured to the Defendant under the United States Constitution and the Constitution of the State of Alabama by depriving the Defendant of its property without due process of law in that no reasonable criteria, guideline or standard is proved to the jury in order that the jury may determine from the evidence what quality or quantity of evidence is necessary to justify an award of damages for mental anguish.

19.    Defendant is deprived of its rights secured by the United States Constitution and the Constitution of the State of Alabama because an award of mental anguish in this case is unconstitutional.

20.    The procedure by which damages for mental anguish are awarded by Alabama juries deprives the Defendant of constitutional rights secured to him by the Constitution of the United States of America and the State of Alabama in that the same deprived the Defendant of its property without due process of law by not providing an objective standard by which the jury may measure an award or an objective standard by which the judge may review the jury's award to determine if it is reasonable, just and proper.

21.    The procedure by which damages for mental anguish are awarded by

Alabama juries deprives the Defendant of constitutional rights secured to them by the Constitution of the United States of America and the State of Alabama in that the same deprives the Defendant of its property without due process of law by allowing juries to return awards of compensatory damages for mental anguish which are speculative, based on conjecture and without substantial evidence to support the same.

22.     The process by which Alabama courts allow juries to award damages for mental anguish violates the elementary notions of fairness dictated by the United States constitutional law in that it does not provide the Defendant with fair notice of what conduct will subject him to liability nor the severity of the damages that the state may impose through the jury system; therefore, the Defendant is deprived of its property without due process of law in contravention of the rights secured to the Defendant by the Fourteenth Amendment to the Constitution of the United States of America.

23.     The process by which Alabama courts allow juries to award damages for mental anguish violates the due process rights secured to the Defendant by the United States Constitution and the Constitution of the State of Alabama in that this process deprives the Defendant of its property without due process of law by failing to give the Defendant notice of the range of damage which might be returned because juries are given unbridled discretion to determine the amount of the award and

thereby render such an award in an arbitrary and capricious manner.

24.     The process by which Alabama courts allow juries to award damages for mental anguish violates the elementary notions of fairness dictated by the United States Constitution law and the Constitution of the State of Alabama in that it does not provide the Defendant with fair notice of the amount of the award which may be rendered by a jury and there is no guarantee that the mental anguish award will be reasonably related to other awards in similar circumstances.

25.     Defendant is deprived of its property without due process of the law in contravention of the rights secured to the Defendant by the Fourteenth Amendment to the Constitution of the United States of America in that the Defendant is not provided with adequate notice of the extent of damages which may be awarded for mental anguish because Alabama juries are returning mental anguish damage awards which are in violation of the United States and Alabama constitution.

26.     Defendant is deprived of its rights secured by the United States Constitution and the Constitution of the State of Alabama because and award of mental anguish in this case is unconstitutional.

27.     The award of punitive damages, to the extent if any, claimed by Plaintiff violate Article I, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and Article I, Section 6, and other provisions of the Constitution of Alabama on the following

separate and several grounds:

      (a)    That civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by a punitive damages award after the fact.

      (b)    That civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendant for different alleged acts of wrongdoing.

      (c)    That civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

      (d)    That civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendant.

      (e)    That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

      (f)    That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

(g)  That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of the standard of proof less than that applicable to the imposition of criminal sanctions.

(h)  That civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

(i)  That civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

(j)  That civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined.

(k)  That standards of conduct upon which punitive damages are awarded are vague.

(l)  That civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

(m)  That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction

15

of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

(n)   That civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties.

(o)   That civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury and the award of punitive damages.

28.   Defendant avers that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at Alabama Code § 6-11-21 (Repl. Vol. 1993).

29.   The Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect.

30.   Under the constitutions of the United States and the state of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through judicial decision. *See Honda Motor Company, Ltd. v. Oberg*, 114 S.Ct. 2331 (1994).

31.   To the extent that Plaintiff's demand for punitive damages may result in multiple punitive damage awards to be accessed for the same act or omission

against the Defendant, this award contravenes the Defendant's right to Due Process under the Fourteenth Amendment of the United States Constitution and the Due Process Clause of Article I, Section 13 of the Alabama Constitution. In addition, such an award would infringe upon the Defendant's right against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article I, Section 9 of the Alabama Constitution.

32.     With respect to the Plaintiff's demand for punitive damages, the Defendant's specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforce ability of punitive damage awards that may be articulated in the decision of *BMW North American, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

33.     Defendant contends that Plaintiff is not entitled to an award of punitive damages, and that an award of punitive damages against the Defendant, on the facts of this case, would be contrary to the Constitution of the State of Alabama and the Constitution of the United States. Further, any award of punitive damages to the Plaintiff is limited to the standards set out in *BMW North American, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

34.     The Alabama system and structure for punitive damage awards, together with the claims for punitive damages sought by Plaintiff in this lawsuit, constitute a violation of the Due Process Clause of the Constitution of the United

States, under authority of *BMW North American, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). The allegations made by Plaintiff in this action, and the Plaintiff's claims for punitive damages generally, and under the Alabama system specifically, constitute inadequate notice to Defendant as to deprive Defendant of due process of law.

35.    Defendant avers that any award of punitive damages in this case would violate the Due Process Clause, equal protection clause, and other provisions of the United State Constitution including, but not limited to, as follows:

a.    Due Process Clause - Fourteenth Amendment to the Constitution of the United States: Punitive damages are vague and not rationally related to legitimate governmental interests.

b.    Sixth Amendment to the Constitution of the United States: Punitive damages are penal in nature and, consequently, the Defendants are entitled to the same procedural safeguards accorded to criminal defendants.

c.    Self-incrimination Clause - Fifth Amendment to the Constitution of the United States: It violates the right against self-incrimination to impose punitive damages against the Defendants that are penal in nature, yet compel the Defendants to disclose potentially incriminating documents and evidence.

d.      Excessive Fines Clause - Eighth Amendment to the Constitution of the United States: In the event that any portion of a punitive damages award against the Defendants was to inure to the benefit of any state or governmental or private entity other than the Plaintiff, such an award would violate the excessive fines clause of the Eighth Amendment to the Constitution.

36.     Plaintiff's Complaint seeks to make the Defendant liable for punitive damages.  The United States Supreme Court has reversed the Alabama Supreme Court in the case styled *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589 (1996) on the issues of punitive damages. Defendant adopts by reference whatever defenses, criteria, limitations and standards as mandated by the United States Supreme Court decision in that case.

37.     Defendant affirmatively pleads that any punitive damages that Plaintiff may recover in this case should be capped in keeping with Ala. Code § 6-11-21 and in the spirit of the Alabama Supreme Court's recent decision in *Oliver v. Towns*, 738 So.2d 798 (Ala. 1999).

38.     Plaintiff's demand for punitive damages is due to be struck because, on May 14, 2001, the United States Supreme Court released its decision in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), holding that the amount of punitive damages, is not really a fact tried by the jury, and the right to

jury trial is therefore not implicated. The court pointed to a fundamental difference between compensatory and punitive damages. Whereas compensatory damages are essentially a factual determination, punitive damages are an expression of more condemnation that essentially constitutes a conclusion of law. The court cited the Eight Amendment in explaining that constitutional excessiveness protections apply to both criminal and civil punishments.  Such punishments should be determined by courts as a matter of law, rather than by a jury as a matter of fact.

39.    Defendant says that the Plaintiff's tort claim against them are barred by the applicable statute of limitations.

40.    Defendant pleads all other affirmative defenses in bar or abatement of the claims asserted against them in the complaint.

/s/ David W. Henderson
David W. Henderson (ASB-4048-D57H)
Counsel for Defendant VGV Services, Inc.

OF COUNSEL:
HILL, HILL, CARTER, FRANCO
   COLE & BLACK, P.C.
Post Office Box 116
Montgomery, AL 36101
(334) 834-7600 - Telephone
(334) 263-5969 - Fax
dwhenderson@hillhillcarter.com

## JURY DEMAND

### DEFENDANT DEMANDS TRIAL BY STRUCK JURY.

*/s/ David W. Henderson*
David W. Henderson (ASB-4048-D57H)
Counsel for Defendant VGV Services, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the 13th day of August, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Joe Alton King, Jr
MORRIS KING & HODGE PC
200 Pratt Avenue NE
Huntsville, AL 35801

Travis Ian Keith
GAINES GAULT HENDRIX PC
3500 Blue Lake Drive, Suite 425
Birmingham, AL 35243

And have served a copy of the foregoing by placing a copy of same in the U.S. mail, properly addressed and first class postage prepaid upon the following:

Sergii Fedorovych
17620 Atlantic Blvd., Apt. 409
Sunny Isles Beach, Florida 33160

Maks Express Inc.
c/o Igor Makota
1285 Earl Ave.
Des Plaines, Illinois 60018

Gig Logistics Inc.
c/o J Expedious Envoy
3043 Hunters Run
Gardendale, Alabama 35071

Vassili Grichaev
4015 Atlantic Ave., Apt. 1A2
Brooklyn, New York 11224

Igor Makota
1285 Earl Ave.
Des Plaines, Illinois 60018

Denys Muzyka
821 N. Indiana St., Apt. 2
Elmhurst, Illinois 60126

Bobby King
Unknown Address

*/s/ David W. Henderson*
OF COUNSEL