# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHEASTERN DIVISION

| | |
|---|---|
| **Philip Dwight Sisk, Jr.,** | |
| **Plaintiff(s),** | |
| **v.** | **Civil Action No.** <br> **5:20-cv-00620-HNJ** |
| **GIG Logistics, Inc., et al.,** | |
| **Defendant(s).** | |

## ANSWER OF GIG LOGISTICS, INC.

COMES NOW, the Defendant, GIG Logistics, Inc. by and through the undersigned counsel, and files its answer to the complaint, and sets forth and assigns as follows:

## JURISDICTION AND VENUE

1.    The Defendant lacks sufficient information to admit or deny plaintiff's residency and therefore denies the allegations of paragraph 1 of the complaint.

2.    The Defendant lacks sufficient information to admit or deny Sergii Fedorovych's residency and therefore denies the allegations of paragraph 2 of the complaint.

3.    The Defendant lacks sufficient information to admit or deny VGV Services Inc.'s residency and therefore denies the allegations of paragraph 3 of the complaint.

4.    The Defendant lacks sufficient information to admit or deny Maks Express Inc.'s residency and therefore denies the allegations of paragraph 4 of the complaint.

5.    Upon information and belief, Gig Logistics, Inc. was formed in Illinois and has a USDOT Number 2943611. However, according to the Federal Motor Carrier Safety Administration the company lists an Indiana address as its physical address https://safer.fmcsa.dot.gov/query.asp.

6.    The Defendant lacks sufficient information to admit or deny Vassili Grichaev's residency and therefore denies the allegations of paragraph 6 of the complaint.

7.    The Defendant lacks sufficient information to admit or deny Igor Makota.'s residency and therefore denies the allegations of paragraph 7 of the complaint.

8.    The Defendant lacks sufficient information to admit or deny Dennis Muzyka's residency and therefore denies the allegations of paragraph 8 of the complaint.

9. The Defendant lacks sufficient information to admit or deny Bobby King's residency and therefore denies the allegations of paragraph 9 of the complaint.

10. The averments of paragraph 10 of the complaint do not contain an allegation as to this Defendant and, therefore, do not require a response. To the extent a response is required, the Defendant denies the allegations and demand strict proof thereof.

11. The Defendant lacks sufficient information to admit or deny Nationwide's residency and/or status and therefore denies the allegations of paragraph 11 of the complaint.

12. The averments of paragraph 12 of the Complaint, including the references to Fictitious Party Defendants A through K, are not directed at this Defendant and, therefore, do not require a response. To the extent a response is required, the Defendant denies the allegations and demand strict proof thereof.

13. The averments of paragraph 13 of the complaint do not contain an allegation as to this Defendant and, therefore, do not require a response. To the extent a response is required, the Defendant denies the allegations and demand strict proof thereof.

# FACTS COMMON TO ALL COUNTS

14.    The Defendant denies the allegations of paragraph 14 of the Complaint.

15.    The averments of paragraph 15 of the complaint do not contain an allegation as to this Defendant and, therefore, do not require a response. To the extent a response is required, the Defendant denies the allegations and demand strict proof thereof.

16.    The Defendant denies the allegations of paragraph 16 of the Complaint.

17.    The Defendant denies the allegations of paragraph 17 of the Complaint.

18.    The averments of paragraph 18 of the complaint do not contain an allegation as to this Defendant and, therefore, do not require a response. To the extent a response is required, the Defendant denies the allegations and demand strict proof thereof.

19.    The Defendant denies the allegations of paragraph 19 of the Complaint.

20.    The Defendant denies the allegations of paragraph 20 of the Complaint.

21.    The Defendant denies the allegations of paragraph 21 of the Complaint.

22.    The averments of paragraph 22 of the complaint do not contain an allegation as to this Defendant and, therefore, do not require a response. To the extent a response is required, the Defendant denies the allegations and demand strict proof thereof.

23. The averments of paragraph 23 of the complaint do not contain an allegation as to this Defendant and, therefore, do not require a response. To the extent a response is required, the Defendant denies the allegations and demand strict proof thereof.

24. The averments of paragraph 24 of the complaint do not contain an allegation as to this Defendant and, therefore, do not require a response. To the extent a response is required, the Defendant denies the allegations and demand strict proof thereof.

25. The averments of paragraph 25 of the complaint do not contain an allegation as to this Defendant and, therefore, do not require a response. To the extent a response is required, the Defendant denies the allegations and demand strict proof thereof.

26. The averments of paragraph 26 of the complaint do not contain an allegation as to this Defendant and, therefore, do not require a response. To the extent a response is required, the Defendant denies the allegations and demand strict proof thereof.

27. The averments of paragraph 27 of the complaint do not contain an allegation as to this Defendant and, therefore, do not require a response. To the extent a response is required, the Defendant denies the allegations and demand strict proof thereof.

28.   The Defendant denies the allegations of paragraph 28 of the Complaint.

29.   The Defendant denies the allegations of paragraph 29 of the Complaint.

30.   The Defendant denies the allegations of paragraph 30 of the Complaint.

31.   The Defendant denies the allegations of paragraph 31 of the Complaint.

32.   The Defendant denies the allegations of paragraph 32 of the Complaint.

**COUNT I**
**NEGLIGENCE/WANTONNESS**
**NEGLIGENCE PER SE**

33.   The Defendant adopts and realleges the answers set out in response to paragraphs 1-32 of Plaintiff's Complaint as if said answers were fully set out herein.

34.   The Defendant denies the allegations of paragraph 34 of the Complaint.

35.   The Defendant denies the allegations of paragraph 35 of the Complaint.

36.   The Defendant denies the allegations of paragraph 36 of the Complaint, including subparagraphs (a) through (g).

37.   The Defendant denies the allegations of paragraph 37 of the Complaint.

38.   The Defendant denies the allegations of paragraph 38 of the Complaint, including subparagraphs (a) through (e).

With regard to the unnumbered paragraph following paragraph 38 of Plaintiff's Complaint, the Defendant denies that Plaintiff is entitled to the relief sought therein, either legally or factually, or to any relief whatsoever.

## COUNT II
## NEGLIGENCE/WANTON ENTRUSTMENT

39.     The Defendant adopts and realleges the answers set out in response to paragraphs 1-38 of Plaintiff's Complaint as if said answers were fully set out herein.

40.     The Defendant denies the allegations of paragraph 40 of the Complaint.

41.     The Defendant denies the allegations of paragraph 41 of the Complaint, including subparagraphs (a) through (e).

With regard to the unnumbered paragraph following paragraph 41 of Plaintiff's Complaint, the Defendant denies that Plaintiff is entitled to the relief sought therein, either legally or factually, or to any relief whatsoever.

## COUNT III
## NEGLIGENCE/WANTON
## HIRING/TRAINING/SUPERVISION/RETENTION

42.     The Defendant adopts and realleges the answers set out in response to paragraphs 1-41 of Plaintiff's Complaint as if said answers were fully set out herein.

43.     The Defendant denies the allegations of paragraph 43 of the Complaint.

44.     The Defendant denies the allegations of paragraph 44 of the Complaint.

45.     The Defendant denies the allegations of paragraph 45 of the Complaint, including subparagraphs (a) through (e).

With regard to the unnumbered paragraph following paragraph 45 of Plaintiff's Complaint, the Defendant denies that Plaintiff is entitled to the relief sought therein, either legally or factually, or to any relief whatsoever.

## COUNT IV
## UNDERINSURED MOTORIST COVERAGE

46.     The Defendant adopts and realleges the answers set out in response to paragraphs 1-45 of Plaintiff's Complaint as if said answers were fully set out herein.

47.     The averments of paragraph 47 of the complaint do not contain an allegation as to this Defendant and, therefore, do not require a response. To the extent a response is required, the Defendant denies the allegations and demand strict proof thereof.

48.     The averments of paragraph 48 of the complaint do not contain an allegation as to this Defendant and, therefore, do not require a response. To the extent a response is required, the Defendant denies the allegations and demand strict proof thereof.

49.     The averments of paragraph 49 of the complaint do not contain an allegation as to this Defendant and, therefore, do not require a response. To the extent a response is required, the Defendant denies the allegations and demand strict proof thereof.

50. The averments of paragraph 50 of the complaint do not contain an allegation as to this Defendant and, therefore, do not require a response. To the extent a response is required, the Defendant denies the allegations and demand strict proof thereof.

51. The averments of paragraph 51 of the complaint do not contain an allegation as to this Defendant and, therefore, do not require a response. To the extent a response is required, the Defendant denies the allegations and demand strict proof thereof.

With regard to the unnumbered paragraph following paragraph 51 of Plaintiff's Complaint, the Defendant denies that Plaintiff is entitled to the relief sought therein, either legally or factually, or to any relief whatsoever.

## COUNT V
## FICTITIOUS PARTIES

52. The Defendant adopts and realleges the answers set out in response to paragraphs 1-51 of Plaintiff's Complaint as if said answers were fully set out herein.

53. The averments of paragraph 53 of the complaint do not contain an allegation as to this Defendant and, therefore, do not require a response. Further, fictitious party allegations are due to be disregarded under the Federal Rules of Civil Procedure To the extent a response is required, the Defendant denies the allegations and demand strict proof thereof.

With regard to the unnumbered paragraph following paragraph 53 of Plaintiff's Complaint, the Defendant denies that Plaintiff is entitled to the relief sought therein, either legally or factually, or to any relief whatsoever.

## DEFENSES

### First Defense

The Court lacks subject-matter jurisdiction over the matters made the subject of this action pursuant to Fed. R. Civ. P. 12(b)(1).

### Second Defense

The Court lacks personal jurisdiction over the defendant pursuant to Fed. R. Civ. P. 12(b)(2).

### Third Defense

Venue is improper pursuant to Fed. R. Civ. P. 12(b)(3).

### Fourth Defense

There has been insufficiency of process as to this defendant pursuant to Fed. R. Civ. P. 12(b)(4) where the summons issued to Gig Logistics was sent in care of "J Expedious Envoy, process agent" in Birmingham, Alabama. (Doc. 5). However, according to the Federal Motor Carrier Safety Administration it appears that the agent is "A+ AGENTS OF PROCESS INC." https://li-public.fmcsa.dot.gov/LIVIEW/pkg_carrquery.prc_getdetail. Likewise, according to

the Illinois Secretary of State, "Dmitriy Chebanenko" is identified as the agent.

https://www.ilsos.gov/corporatellc/CorporateLlcController.

### Fifth Defense

There has been insufficiency of service of process as to this defendant pursuant to Fed. R. Civ. P. 12(b)(5) where the summons issued to Gig Logistics was sent in care of "J Expedious Envoy, process agent" in Birmingham, Alabama. (Doc. 5). However, according to the Federal Motor Carrier Safety Administration it appears that the agent is "A+ AGENTS OF PROCESS INC." https://li-public.fmcsa.dot.gov/LIVIEW/pkg_carrquery.prc_getdetail. Likewise, according to the Illinois Secretary of State, "Dmitriy Chebanenko" is identified as the agent. https://www.ilsos.gov/corporatellc/CorporateLlcController.

### Sixth Defense

The Complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### Seventh Defense

The Plaintiff has failed to join a party under Rule 19 pursuant to Fed. R. Civ. P. 12(b)(7).

### Eighth Defense

Defendant pleads all applicable defenses under Rule 8(c)(1) of the Federal Rules of Civil Procedure.

## Ninth Defense

The Defendant pleads the doctrine of collateral estoppel.

## Tenth Defense

The Defendant pleads the doctrine of res judicata.

## Eleventh Defense

This Defendant pleads the issue of preclusion.

## Twelfth Defense

The Defendant denies each and every material averment not previously admitted hereinabove and demand strict proof thereof.

## Thirteenth Defense

The Defendant pleads the general issue.

## Fourteen Defense

The Complaint fails to state a claim upon which relief can be granted.

## Fifteenth Defense

The Defendant denies that it was guilty of negligence and/or wanton conduct on the occasion complained of and denies any negligence and/or wanton conduct on its part proximately caused said accident and/or Plaintiff's alleged injuries.

## Sixteenth Defense

The Defendant denies that there is any causal relationship between its alleged activities and the alleged injuries of the plaintiff.

## Seventeenth Defense

The Defendant avers that the accident and the plaintiff's alleged injuries were the result of an efficient intervening cause and/or were not proximately caused by any negligence and/or wantonness of the Defendant; therefor Defendant pleads efficient intervening cause.

## Eighteenth Defense

The Defendant avers that plaintiff's injuries were proximately caused by plaintiff's negligence and/or negligence per se and/or the intervening acts of others on the occasion made the subject of this action.

## Nineteenth Defense

Defendant states that plaintiff was guilty of contributory negligence and/or contributory negligent per se, which proximately caused the injuries and damages complained of.

## Twentieth Defense

Defendant states that plaintiff's claims are barred by assumption of the risk.

## Twenty-First Defense

The Defendant pleads the doctrine of last clear chance.

### Twenty-Second Defense

The Defendant pleads that subsequent negligence of the plaintiff and/or a third party cuts off any duty allegedly owed by the Defendant and/or proximately caused the accident.

### Twenty-Third Defense

Defendant aver that the facts and circumstances surrounding the accident made the basis of the plaintiff's complaint placed the Defendant in a sudden emergency due to no fault of its own; therefore, the plaintiff is not entitled to any recovery against this Defendant under the Sudden Emergency Doctrine.

### Twenty-Fourth Defense

Defendant pleads the applicable statute of limitations.

### Twenty-Fifth Defense

Defendant denies that the Defendant driver was incompetent and/or unfit to operate a vehicle, which is an absolute defense to the claims of Negligent and/or Wanton Entrustment and/or Negligent and/or Wanton Hiring, Training, Supervision and/or Retention.

### Twenty-Sixth Defense

Defendant denies that this Defendant was aware of any alleged incompetence and/or unfitness of the Defendant driver, which is an absolute defense to the claims

of Negligent and/or Wanton Entrustment and/or Negligent and/or Wanton Hiring,

Training, Supervision and/or Retention.

### Twenty-Seventh Defense

Defendant denies engaging in any conduct with a reckless or conscious disregard of the rights or safety of others.

### Twenty-Eighth Defense

Defendant denies that the plaintiff has been injured to the nature and extent claimed in the Complaint and therefore contest damages.

### Twenty-Ninth Defense

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to take reasonable steps to mitigate his claims of damages, the existence of such damages being hereby denied.

### Thirtieth Defense

Defendant is not guilty of any conduct that would warrant the imposition of punitive damages against it.

### Thirty-First Defense

Plaintiff's damage demands should be dismissed in whole or in part on the grounds that such amounts, if any, must be offset by sums, including but not limited to, unemployment benefits, workers' compensation benefits, other governmental benefits, or because such damages are not recoverable under the legal theories

asserted in Plaintiff's Complaint. Defendant further claims a right to plead a setoff as to Plaintiff's recovery from a co-defendant.

### Thirty-Second Defense

The Defendant pleads Ala. Code § 6-11-20 (1975) (Clear and Convincing Evidence Standard) and 6-11-21 (1975) (Cap) in response to plaintiff's punitive damage claims.

### Thirty-Third Defense

An award of punitive damages, if any, is limited in accordance with the decision of the United States Supreme Court in the case of *State Farm Automobile Insurance Company v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003).

### Thirty-Fourth Defense

The Plaintiff's claims for damages and relief sought by plaintiff are, in whole or in part, not legally authorized and/or are unconstitutional.

### Thirty-Fifth Defense

The Defendant denies that Plaintiff is entitled to a recovery of damages, whether compensatory or otherwise.

## Thirty-Sixth Defense

The Defendant denies that Plaintiff is entitled to a recovery of damages either legally, factually, equitably and/or for any other reason.

## Thirty-Seventh Defense

The Defendant adopts all defenses plead by each of the co-defendants in this matter.

## Thirty-Eighth Defense

The Defendant reserves the right to amend and/or supplement this Answer and to assert additional defenses until discovery has been completed in this case.

## CONSTITUTIONAL PUNITIVE DAMAGES DEFENSES

The Defendant hereby pleads the following Constitutional Defenses in response to Plaintiff's claim for punitive damages:

1.    The claim for punitive damages as sought by the Complaint violates the Fourteenth Amendment of the Constitution of the United States in that the procedures pursuant to which punitive damages are awarded failed to provide specific standards for the amount of an award of punitive damages thereby violating the defendant's rights of substantive due process.

2.    The claim for punitive damages as sought by the Complaint violates the Constitution of the State of Alabama in that the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages thereby violating the defendant's rights of substantive due process.

3.     The Plaintiff should not recover punitive damages from the defendant for punitive damages violate the Constitution of the United States and the Constitution of the State of Alabama.

4.     The Plaintiff should not recover punitive damages of the defendant for that the award of punitive damages violates due process afforded by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

5.     The Plaintiff should not recover punitive damages of the Defendant for that the assessment of punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

6.     The Plaintiff should not recover punitive damages of the Defendant for that the assessment of punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

7.     The Plaintiff should not recover punitive damages of the Defendant for that an assessment of punitive damages in excess of the amount that would be assessed under the criminal statutes of the Alabama Criminal Code violates the Eighth Amendment to the United States Constitution and Article I, Section 15, of the Constitution of the State of Alabama.

8.     The Plaintiff should not recover punitive damages of the Defendant in any action based on contract, since an assessment of punitive damages in a contract action violates the contracts clause of the United States Constitution, Article I, Section 10.

9.     The Plaintiff should not recover punitive damages of the Defendant, since the Complaint allege intentional wrongful conduct or conduct involving malice based upon acts of an agent or employee of said Defendant.

10. A punitive damage award of the amount requested is impermissible under the Excessive Fines clause of the Eighth Amendment to the United States Constitution.

11. A lack of sufficient standards governing punitive damages awards in Alabama violates the Due Process clause of the Fourteenth Amendment of the Constitution of the United States of America.

12. The Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

    (a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    (c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

    (d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

    (e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and, thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

    (f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States constitution; and

(g)    The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

13.    The Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, based on the following grounds:

(a)    It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the Plaintiff satisfying a burden of proof less than the "beyond the reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

(c)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

(e)    The award of punitive damages in this case constituted a deprivation of property without due process of law.

14.    The Plaintiff's attempt to impose punitive damages on the Defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

15.    The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

16.    The procedures pursuant to which punitive damages are awarded permit the imposition of an excess fine in violation of Article I, Section 15, of the Constitution of Alabama.

17. The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits Alabama from imposing a grossly excessive punishment by way of punitive damages on this Defendant.

18. The Defendant avers all the defenses set out by the United States Supreme Court in *BMW of North American v. Gore*, 517 U.S. 559 (1996).

**THE DEFENDANT DEMANDS A TRIAL BY STRUCK JURY AS TO ALL ISSUES.**

Respectfully submitted,

_____

William A. Austill (ASB-1217-A62W)
Attorney for the Defendant
GIG Logistics, Inc.

OF COUNSEL:
Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South
Suite 100
Birmingham, AL 35226

## CERTIFICATE OF SERVICE

I hereby certify that, on the 3rd day of November, 2020, I have served a copy of the above and foregoing on counsel for all parties by using the Electronic Filing system which will send notification of such to the following:

David W. Henderson
P.O. Box 116
Montgomery, AL 36101
Email Address: dwhenderson@hillhillcarter.com
    Attorney For: VGV Services, Inc.

Joe King
Morris King & Hodge, PC
200 Pratt Avenue NE
Huntsville, AL 35801
Email Address: jking@mkhlawyers.com
    Attorney For: Phillip Dwight Sisk, Jr.

Joseph D. Aiello
Morris, King & Hodge, P.C.
200 Pratt Avenue NE
Huntsville, AL 35801
Email Address: jaiello@mkhlawyers.com
    Attorney For: Phillip Dwight Sisk, Jr.

Sergii Fedorovych
Registered Agent of Amadey, LLC
17620 Atlantic Boulevard
Sunny Isles Beach, FL 33160
    Attorney For: Sergii Fedorovych

> Travis I. Keith
> Gaines Gault Hendrix, P.C.
> 361 Summit Boulevard
> Suite 200
> Birmingham, AL 35243
> Email Address: tkeith@ggh-law.com
>    Attorney For: Nationwide General Insurance Company

And by placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to the following:

> State of Alabama Attorney General
> 500 Dexter Ave.
> Montgomery, Alabama 36130-0001

_____
                OF COUNSEL