FILED
2021 Jan-06  AM 07:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTICT OF ALABAMA
NORTHEASTERN DIVISION**

**PHILIP DWIGHT SISK, JR.,**

    **Plaintiff,**

**vs.**                             **CASE NO.: 5:20-cv-00620-LCB**

**SERGII FEDOROVYCH**, an individual; **VGV SERVICES INC.**, an Illinois corporation;  **MAKS EXPRESS INC.,** an Illinois corporation; **GIG LOGISTICS INC.**, an Illinois corporation; **NATIONWIDE GENERAL INSURANCE COMPANY**, an Ohio corporation; **VASSILI GRICHAEV**, an individual; **IGOR MAKOTA**, an individual; **DENYS MUZYKA**, an individual; **BOBBY KING,** an individual; **AMADEY LLC**, a Florida limited liability company; **AMAZING RIDES LLC**, an Indiana limited liability corporation; **DMITRIY CHEBANENKO**, an individual; **DEFENDANT "A",** the partnership and/or individual whose negligence and/or wantonness caused the Plaintiff's injuries and damages on the 30th day of January, 2019, on AL-53 at or near the intersection of Old Railroad Bed Road in Madison County, Alabama; **DEFENDANT "B"** the corporation whose negligence and/or wantonness caused the Plaintiff's injuries and damages on the 30th day of January, 2019, on AL-53 at or near the intersection of Old Railroad Bed Road in Madison County, Alabama; **DEFENDANT "C,"** the person or other legal entity who owned the motor vehicle that caused the Plaintiff's injuries and damages on the 30th day of January, 2019, on AL-53 at or near the intersection of Old Railroad Bed Road in Madison County, Alabama; **DEFENDANT "D,"** the person or other legal entity whose responsibility it was for maintaining and repairing the vehicle which collided with the vehicle driven by Plaintiff on the 30th day of January, 2019, on AL-53 at or near the intersection of Old Railroad Bed Road in Madison County, Alabama; **DEFENDANT "E,"** whether singular or plural, Plaintiff hereby intending to designate that entity or those entities including persons who are liable to Plaintiff, as a principal for the negligent acts or omissions of its agent the driver of a motor vehicle which collided with the vehicle being driven by Plaintiff on the 30th day of January, 2019, on AL-53 at or near the intersection of Old Railroad Bed Road in Madison County, Alabama; **DEFENDANT "F,"** whether singular or plural, Plaintiff hereby intending to designate that entity which is the entity described and referred to as the principal of the driver of the vehicle which collided with the vehicle driven by Plaintiff on the 30th day of January, 2019, on AL-53 at or near the intersection of Old Railroad Bed

Road in Madison County, Alabama; **DEFENDANT "G"** the person, firm, corporation or other legal entity who was the employer of the driver of the motor vehicle which collided with the vehicle driven by Plaintiff on the 30th day of January, 2019, on AL-53 at or near the intersection of Old Railroad Bed Road in Madison County, Alabama; **DEFENDANT "H,"** the person, firm, corporation or legal entity who negligently and/or wantonly entrusted the vehicle to Defendant Sergii Fedorovych and/or the driver of the vehicle which collided with the vehicle driven by Plaintiff on the 30th day of January, 2019, on AL-53 at or near the intersection of Old Railroad Bed Road in Madison County, Alabama; **DEFENDANT "I"**, whether singular or plural, Plaintiff hereby intending to designate that certain insurance company doing business as "Nationwide" which issued policy number 7701J 025778; **DEFENDANT "J"**, whether singular or plural that entity who or which, as described above, is the predecessor corporation of any of the entities described above or in the body of the complaint; **DEFENDANT "K"**, whether singular or plural, that entity who or which, as described above, is the successor corporation of any of the entities described herein; Plaintiff avers that the identity of the fictitious party Defendants is otherwise unknown to the Plaintiff at this time, or if their names are known, their identity as proper party defendants is not known at this time and their true names will be substituted by amendment when ascertained,

   **Defendants.**

---

## SECOND AMENDED COMPLAINT

---

   COMES NOW, Plaintiff Philip Dwight Sisk, Jr., in the above-styled cause and amends his complaint previously filed as follows:

## <u>JURISDICTION AND VENUE</u>

1.     Plaintiff Philip Dwight Sisk, Jr. is an adult resident of and domiciled in Madison County, Alabama.

2.     Defendant Sergii Fedorovych, upon information and belief, is an adult resident of and domiciled in Dade County, Florida.

3.     Defendant VGV Services Inc. upon information and belief, is an Illinois corporation, with its principal place of business in Illinois. Defendant VGV Services Inc. is a motor carrier, USDOT Number 3179608.

4. Defendant Maks Express Inc., upon information and belief, is an Illinois corporation, with its principal place of business in Illinois. Defendant Maks Express Inc. is an Illinois motor carrier, ILCC MC: 217926, formerly operating under USDOT Number 2928141.

5. Defendant Gig Logistics Inc., upon information and belief, is an Illinois corporation, with its principal place of business in Illinois. Defendant Gig Logistics Inc., is a motor carrier, USDOT Number 2943611.

6. Defendant Amazing Rides LLC, upon information and belief, is an Indiana limited liability corporation, with its principal place of business in Indiana. Defendant Amazing Rides LLC, is a motor carrier, USDOT Number 2823622.

7. Defendant Amadey LLC, upon information and belief, is a Florida limited liability company, with its principal place of business in Dade County, Florida. Upon information and belief, Sergii Fedorovych is and was at all times relevant to this cause of action, the President, CEO and sole owner of Defendant Amadey LLC.

8. Defendant Vassili Grichaev, upon information and belief, is an adult resident of and domiciled in Kings County, New York.

9. Defendant Igor Makota, upon information and belief, is an adult resident of and domiciled in Cook County, Illinois.

10. Defendant Denys Muzyka upon information and belief, is an adult resident of and domiciled in DuPage County, Illinois.

11. Defendant Bobby King, upon information and belief, is believed to be an individual residing in the United States at an unknown address. Defendant Bobby King may be a fictional person and alias of one of the other named and/or fictitious parties. An individual identified as "Bobby King" with the phone number "646-495-9245" was represented as the owner of the commercial truck being operated Sergii Fedorovych in the subject motor vehicle collision in an amendment to Alabama Uniform Traffic Crash Report, DPS Case No. 9613748.

12. Defendant Dmitriy Chebanenko, upon information and belief, is an adult resident of and domiciled in Lake County, Illinois.

13.     Defendants VGV Services Inc., Maks Express Inc., Gig Logistics Inc., Amadey LLC, Amazing Rides LLC, Vassili Grichaev, Igor Makota, Denys Muzyka, Bobby King and Dmitriy Chebanenko are sometimes collectively referred to herein as the "Non-Driver Defendants."

14.     Defendant Nationwide General Insurance Company, upon information and belief, is an Ohio corporation with its principal place of business in Ohio. Nationwide General Insurance Company is an insurance company which insures the Plaintiff for underinsured motorist coverage pursuant to §32-7-23 Code of Alabama, and regularly transacts business in the State of Alabama.

15.     Fictitious party Defendants "A" through "K" are the individuals and/or entities who or which caused or contributed to Plaintiff's damages and injuries described herein.  The contents of the style of the complaint designating fictitious party Defendants "A" through "K" are hereby incorporated by reference as if set out more fully herein.

16.     Unless otherwise noted, when the word "Defendants" is used herein, it is meant to refer collectively to all named and fictitious defendants described in the style, body and caption of this complaint.

## FACTS COMMON TO ALL COUNTS

17.     On or about the 30th day of January, 2019, a vehicular collision occurred on Alabama Highway 53 at or near the intersection of Old Railroad Bed Road in Madison County, Alabama.  The Defendant Sergii Fedorovych caused or allowed the commercial truck, a 2019 Ford F350, VIN 1FT8W3DT7KED08392, Tag Number WI P6590B, pulling an auto transporter trailer, a 2017 Quality Semi Trailer, VIN 5W0FW035HL000489, IL Tag Number 671718ST, that he was driving to collide with the 2010 Chevrolet HHR being driven by the Plaintiff Philip Dwight Sisk, Jr.

18.     Defendant Sergii Fedorovych and/or Fictitious Party Defendants "A" through "K" while operating a commercial truck with trailer struck the 2010 Chevrolet HHR operated by Plaintiff Philip Dwight Sisk, Jr.

19.     On or about January 30, 2019, and at all times pertinent thereto, Defendant Sergii Fedorovych was acting as an agent, servant and/or employee in the line and scope of his employment for the Defendants VGV Services Inc., Maks Express Inc., Gig Logistics Inc., Amadey LLC, Amazing Rides LLC and/or

4

Fictitious Party Defendants "A" through "K." Said defendants were for-hire motor carriers engaged in operating a motor vehicle transporting property in interstate commerce at the time of the January 30, 2019 accident. Plaintiff further alleges that he suffered bodily injury and damages caused by Defendants' negligence and/or wantonness in the operation, maintenance and use of a commercial truck, a 2019 Ford F350, VIN 1FT8W3DT7KED08392, Tag Number WI P6590B, pulling an auto transporter trailer, a 2017 Quality Semi Trailer, VIN W0FW035HL000489, IL Tag Number 671718ST, which were owned, leased, maintained or used by said Defendants.

20.    At all relevant times, Defendant Fedorovych was an employee and/or agent acting within the course and scope of his employment, agency and statutory employment as a leased professional commercial motor vehicle driver with Defendants VGV Services Inc., Maks Express Inc., Gig Logistics Inc., Amadey LLC, Amazing Rides LLC and/or Fictitious Party Defendants "A" through "K" as their agent, employee, bailee, statutory employer and leased driver.  All Defendants are jointly and severally liable, and Defendants VGV Services Inc., Maks Express Inc., Gig Logistics Inc., Amadey LLC, Amazing Rides LLC and/or Fictitious Party Defendants "A" through "K" are liable for the actions of Defendant Fedorovych under theories of respondeat superior, vicarious liability, bailment, statutory employment, leased driver/ vehicle employment, and agency principles.

21.    Upon information and belief, at the time of the incident at issue, Defendant Fedorovych was driving the commercial truck with trailer under Defendant VGV Services Inc.'s DOT authority and number.  Defendant VGV Services Inc. is therefore responsible for the actions of Defendant Fedorovych. At the time of the subject collision, Defendant Sergii Fedorovych was operating the commercial truck with trailer bearing signage for VGV Services Inc.

22.    Upon information and belief, on said date, the driver Defendant Sergii Fedorovych was operating said motor vehicle with the express consent of Defendants VGV Services Inc., Maks Express Inc., Gig Logistics Inc., Amadey LLC, Amazing Rides LLC, Bobby King, Igor Makota and/or Fictitious Party Defendants "A" through "K."

23.    At all times material to this action, Defendants VGV Services Inc., Maks Express Inc., Gig Logistics Inc., Bobby King, Igor Makota, Amadey LLC, Amazing Rides LLC and/or Fictitious Party Defendants "A" through "K" possessed, controlled, maintained, owned and/or leased the commercial truck with trailer operated by Defendant Sergii Fedorovych. At all times material hereto, Defendant

5

VGV Services Inc. (as the lessee) leased the auto transporter trailer, a 2017 Quality Semi Trailer, VIN W0FW035HL000489, IL Tag Number 671718ST, from Maks Express Inc., the equipment owner (lessor).

24.     The Plaintiff's injuries resulted from the negligence and/or wantonness of the Defendants in the ownership, leasing, operation, management, possession, entrustment and control of their vehicle, as well as pursuant to respondeat superior.

25.     Defendant VGV Services Inc. was incorporated in 2018. Upon information and belief, Vassili Grichaev is and was at all times relevant to this cause of action, the President and sole shareholder of Defendant VGV Services Inc. At all relevant times, Grichaev was an employee, servant or agent of Defendant VGV Services Inc. At all times relevant to this case, Grichaev was acting in the course and scope of his employment, agency or as a servant of Defendant VGV Services Inc. when the conduct, acts and/or omissions took place. Accordingly, Defendant VGV Services Inc. is responsible, in law, for the acts and omissions of Grichaev under the doctrine of respondeat superior.

26.     Grichaev, individually and through Defendant VGV Services Inc., personally oversaw, actively participated in and was responsible for hiring, training and supervision of Fedorovych for purposes of his conduct on behalf of Defendant VGV Services Inc. As such, Grichaev owed a personal duty to exercise reasonable care in the supervision and training of drivers including, but not limited to, Defendant, Fedorovych, and the operation of its fleet of vehicles.

27.     Grichaev, individually and through Defendant VGV Services Inc., assumed a duty to hire and/or select competent drivers when he performed the affirmative act of hiring.

28.     Defendant Maks Express Inc. was incorporated in 2016. Igor Makota is and was at all times relevant to this cause of action, the President, CEO and sole shareholder of Defendant Maks Express Inc. At all relevant times, Igor Makota was an employee, servant or agent of Defendant Maks Express Inc. At all times relevant to this case, Igor Makota was acting in the course and scope of his employment, agency or as a servant of Defendant Maks Express Inc. when the conduct, acts and/or omissions took place. Accordingly, Defendant Maks Express Inc. is responsible, in law, for the acts and omissions of Igor Makota under the doctrine of respondeat superior.

29.     Igor Makota, individually and through Defendant Maks Express Inc., personally oversaw, actively participated in and was responsible for hiring, training and supervision of Fedorovych for purposes of his conduct on behalf of Defendant Maks Express Inc. As such, Igor Makota owed a personal duty to exercise reasonable care in the supervision and training of drivers including, but not limited to, Defendant Fedorovych and the operation of its fleet of vehicles.

30.     Igor Makota, individually and through Defendant Maks Express Inc., assumed a duty to hire and/or select competent drivers when he performed the affirmative act of hiring.

31.     Defendant Gig Logistics Inc. was incorporated in 2016. Denys Muzyka is and was at all times relevant to this cause of action, the President, CEO and sole shareholder of Defendant Gig Logistics Inc. At all relevant times, Denys Muzyka was an employee, servant or agent of Defendant Gig Logistics Inc. At all times relevant to this case, Denys Muzyka was acting in the course and scope of his employment, agency or as a servant of Defendant Gig Logistics Inc. when the conduct, acts and/or omissions took place. Accordingly, Defendant Gig Logistics Inc. is responsible, in law, for the acts and omissions of Denys Muzyka under the doctrine of respondeat superior.

32.     Denys Muzyka, individually and through Defendant Gig Logistics Inc., personally oversaw, actively participated in and was responsible for hiring, training and supervision of Fedorovych for purposes of his conduct on behalf of Defendant Gig Logistics Inc. As such, Denys Muzyka owed a personal duty to exercise reasonable care in the supervision and training of drivers including, but not limited to, Defendant, Fedorovych, and the operation of its fleet of vehicles.

33.     Denys Muzyka, individually and through Defendant Gig Logistics Inc. assumed a duty to hire and/or select competent drivers when he performed the affirmative act of hiring.

34.     Defendant Amazing Rides LLC was organized in 2014. Upon information and belief, Dmitriy Chebanenko is and was at all times relevant to this cause of action, the President and sole shareholder of Defendant Amazing Rides LLC. At all relevant times, Chebanenko was an employee, servant or agent of Defendant Amazing Rides LLC. At all times relevant to this case, Chebanenko was acting in the course and scope of his employment, agency or as a servant of Defendant Amazing Rides LLC when the conduct, acts and/or omissions took place.

Accordingly, Defendant Amazing Rides LLC is responsible, in law, for the acts and omissions of Chebanenko under the doctrine of respondeat superior.

35.     Chebanenko, individually and through Defendant Amazing Rides LLC, personally oversaw, actively participated in and was responsible for hiring, training and supervision of Fedorovych for purposes of his conduct on behalf of Defendant Amazing Rides LLC. As such, Chebanenko owed a personal duty to exercise reasonable care in the supervision and training of drivers including, but not limited to, Defendant, Fedorovych, and the operation of its fleet of vehicles.

36.     Chebanenko, individually and through Defendant Amazing Rides LLC, assumed a duty to hire and/or select competent drivers when he performed the affirmative act of hiring.

37.     The Non-Driver Defendants knew or should have known of Defendant Fedorovych's incompetence in operating a motor vehicle.

38.     The Non-Driver Defendants owed a duty to Plaintiff, and they breached their duty to use reasonable care by failing to comply with federal regulations governing the hiring, training and retention of commercial drivers.

## COUNT I
## NEGLIGENCE/WANTONNESS
## NEGLIGENCE PER SE

39.     Plaintiff hereby realleges and adopts all of the foregoing paragraphs of the complaint as if more fully set out herein.

40.     On or about the 30th day of January, 2019, a vehicular collision occurred on Alabama Highway 53 at or near the intersection of Old Railroad Bed Road in Madison County, Alabama, wherein the Defendant Sergii Fedorovych while working as an agent, driver and/or employee of Defendants VGV Services Inc., Maks Express Inc., Gig Logistics Inc., Amadey LLC, Amazing Rides LLC and/or Fictitious Party Defendants "A" through "K", negligently and/or wantonly caused the commercial truck with trailer he was operating for Defendants to strike, hit or collide with the vehicle driven by Plaintiff Philip Dwight Sisk, Jr.

41.     Defendant driver Sergii Fedorovych was wanton and/or negligent and/or negligent per se in the operation of his vehicle as it relates to the collision on the 30th day of January, 2019.

8

42.   Defendants are responsible for the injuries of Plaintiff, among other things, in that Defendant driver Sergii Fedorovych:

(a) ran a red light in violation of Ala. Code §§ 35-5A-31 and 35-5A-32;
(b) was speeding in violation of Ala. Code § 35-5A-171;
(c) operated a vehicle in a careless and reckless manner;
(d) was driving an overloaded vehicle;
(e) failed to maintain control of the vehicle;
(f) failed to keep a proper lookout; and,
(g) operated a vehicle without exercising due care.

43.   As the employee, agent and/or driver/operator of a commercial truck with trailer for the benefit of Defendants VGV Services Inc., Maks Express Inc., Gig Logistics Inc., Amadey LLC, Amazing Rides LLC and/or Fictitious Party Defendants "A" through "K", Sergii Fedorovych was an agent of Defendants VGV Services Inc., Maks Express Inc., Gig Logistics Inc., Amadey LLC, Amazing Rides LLC and/or Fictitious Party Defendants "A" through "K" and was acting within the line and scope of this agency at all times relevant to the issues in this case. Defendants are liable for the conduct of their agent and/or employee Sergii Fedorovych.

44.   Said Defendants' negligence and/or wantonness combined and concurred to proximately cause the Plaintiff the following injuries and damages:

(a) Plaintiff suffered bodily injuries;
(b) Plaintiff suffered physical pain and mental anguish and will continue to suffer physical pain and mental anguish in the future;
(c) Plaintiff has been caused to incur and in the future will incur medical, doctor and pharmaceutical expenses in the treatment of his injuries;
(d) Plaintiff has permanent injuries; and
(e) Plaintiff has lost wages and lost earning capacity due to the collision.

WHEREFORE, Plaintiff demands judgment against the Defendants Sergii Fedorovych, VGV Services Inc., Maks Express Inc., Gig Logistics Inc., Amadey LLC, Amazing Rides LLC and/or Fictitious Party Defendants "A" through "K", for all legally recoverable damages including compensatory and punitive damages in an amount to be determined by a jury, and the costs of this proceeding.

9

## COUNT II
## NEGLIGENT/ WANTON ENTRUSTMENT

45.    Plaintiff hereby realleges and adopts all of the foregoing paragraphs of the complaint as if more fully set out herein.

46.    On or about the 30th day of January, 2019, on Alabama Highway 53 at or near the intersection of Old Railroad Bed Road in Madison County, Alabama, Sergii Fedorovych caused and/or allowed the commercial truck with trailer, negligently and/or wantonly entrusted to him by Defendants VGV Services Inc., Maks Express Inc., Gig Logistics Inc., Amadey LLC, Amazing Rides LLC, Bobby King, Igor Makota and/or Fictitious Party Defendants "A" through "K" to collide with the 2010 Chevrolet HHR being driven by the Plaintiff Philip Dwight Sisk, Jr.

47.    Said Defendants' negligence and/or wantonness combined and concurred to proximately cause the Plaintiff the following injuries and damages:

(a) Plaintiff suffered bodily injuries;
(b) Plaintiff suffered physical pain and mental anguish and will continue to suffer physical pain and mental anguish in the future;
(c) Plaintiff has been caused to incur and in the future will incur medical, doctor and pharmaceutical expenses in the treatment of his injuries;
(d) Plaintiff has permanent injuries; and
(e) Plaintiff has lost wages and lost earning capacity due to the collision.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants VGV Services Inc., Maks Express Inc., Gig Logistics Inc., Bobby King, Igor Makota, Amadey LLC, Amazing Rides LLC and/or Fictitious Party Defendants "A" through "K", for all legally recoverable damages including compensatory and punitive damages in an amount to be determined by a jury, and the costs of this proceeding.

## COUNT III
## NEGLIGENT/WANTON
## HIRING/TRAINING/SUPERVISION/RETENTION

48.    The Plaintiff hereby realleges and adopts the preceding paragraphs of this Complaint as if set out more fully herein.

49.    Defendants VGV Services Inc., Maks Express Inc., Gig Logistics Inc., Amadey LLC, Amazing Rides LLC, Igor Makota, Vassili Grichaev, Denys Muzyka, Dmitriy Chebanenko and/or Fictitious Party Defendants "A" through "K", negligently and/or wantonly hired, trained, supervised and/or retained Defendant Sergii Fedorovych.

50.    The Non-Driver Defendants knew or should have known that Defendant Sergii Fedorovych was not competent to operate a commercial motor vehicle.

51.    As a result of Defendants' combined and concurring conduct, Plaintiff was caused to suffer the following injuries and damages, to-wit:

(a) Plaintiff suffered bodily injuries;
(b) Plaintiff suffered physical pain and mental anguish and will continue to suffer physical pain and mental anguish in the future;
(c) Plaintiff has been caused to incur and in the future will incur medical, doctor and pharmaceutical expenses in the treatment of his injuries;
(d) Plaintiff has permanent injuries; and
(e) Plaintiff has lost wages and lost earning capacity due to the collision.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants VGV Services Inc., Maks Express Inc., Gig Logistics Inc., Amadey LLC, Amazing Rides LLC, Igor Makota, Vassili Grichaev, Denys Muzyka, Dmitriy Chebanenko and/or Fictitious Party Defendants "A" through "K", for all legally recoverable damages including compensatory and punitive damages in an amount to be determined by a jury, and the costs of this proceeding.

## COUNT IV
## UNDERINSURED MOTORIST COVERAGE

52.    The Plaintiff hereby realleges and adopts all of the foregoing paragraphs of the complaint as if more fully set out herein.

53.    Defendant Sergii Fedorovych, the tortfeasor driver of the commercial motor vehicle, was an underinsured motorist at the time of said accident under the terms of the policy.  Defendant Sergii Fedorovych was underinsured for the injuries and damages caused to the Plaintiff.

54.    The Defendant Nationwide General Insurance Company and/or Fictitious Defendants "A" through "K" had in full force and effect policy number 7701J 025778 insuring Plaintiff Philip Dwight Sisk, Jr. and/or providing underinsured motorist benefits to which Plaintiff Philip Dwight Sisk, Jr. was entitled for the subject collision.

55.    Under said insurance policies, Nationwide General Insurance Company and/or Fictitious Defendants "A" through "K" was legally obligated to pay for damages which the Plaintiff was legally entitled to recover from an underinsured motorist because of bodily injury, including compensatory and punitive damages.

56.    Defendants Nationwide General Insurance Company and/or Fictitious Defendants "A" through "K" had notice of the collision and that the Plaintiff qualified for the afore-described insurance coverage.

57.    Plaintiff is legally entitled to recover damages from the Defendants Nationwide General Insurance Company and/or Fictitious Defendants "A" through "K" under the underinsured motorist coverage provision of the subject automobile insurance policy.

WHEREFORE, PREMISES CONSIDERED Plaintiff demands judgment against the Defendants Nationwide General Insurance Company and Fictitious Defendants "A" through "K," for all legally recoverable damages including compensatory and punitive damages in an amount to be determined by a jury, together with interest from the date of injury and the costs of this proceeding.

## COUNT V
## FICTITIOUS PARTIES

58.    The Plaintiff hereby realleges and adopts all of the foregoing paragraphs of the complaint as if more fully set out herein.

59.    This Count of the Complaint is a fictitious party count.  Those Defendants liable under this Count are those Defendants who or which are liable to the Plaintiff under any theory of law advanced in this Complaint or in any amended complaint, and include those Defendants which Plaintiff has attempted to describe in the style or caption of the Complaint.  These Defendants are otherwise unknown at this time, but will be added by amendment when ascertained.

WHEREFORE, Plaintiff demands judgment against the Fictitious Party Defendants "A" through "K", for all legally recoverable damages including compensatory and punitive damages in an amount to be determined by a jury, together with interest from the date of injury and the costs of this proceeding.

Respectfully submitted,

/s/  Joe A. King, Jr.
Joe A. King, Jr. (ASB-5784-043K)
*One of the Attorneys for Plaintiff*

/s/ Joseph D. Aiello
Joseph D. Aiello (ASB-5017-S75A)
*One of the Attorneys for Plaintiff*

*Of counsel:*
Joe A. King, Jr.
Joseph D. Aiello
MORRIS, KING & HODGE, P.C.
200 Pratt Avenue NE
Huntsville, AL 35801
PH: (256) 536-0588
FAX: (256) 533-1504
jking@mkhlawyers.com
jaiello@mkhlawyers.com
*Attorneys for Plaintiff*

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.

/s/ Joe A. King, Jr.
Joe A. King, Jr.

13

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of January, 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following parties:

Travis I. Keith
**GAINES GAULT HENDRIX, P.C.**
361 Summit Boulevard
Suite 200
Birmingham, Alabama 35243
tkeith@ggh-law.com
*Attorney for Defendant*
*Nationwide General Insurance*
*Company*

David W. Henderson
Paul A. Clark
**HILL, HILL, CARTER, FRANCO**
**COLE & BLACK, P.C.**
Post Office Box 116
Montgomery, AL 36101
dwhenderson@hillhillcarter.com
pclark@hillhillcarter.com
*Attorney for Defendant VGV Services,*
*Inc.*

William L. Middleton
Nicholas B Roth
**EYSTER, KEY, TUBB, ROTH**
**MIDDLETON & ADAMS, LLP**
Post Office Box 1607
Decatur, Alabama 35602
wlmiddleton@eysterkeylaw.com
nbroth@eysterkeylaw.com
*Attorneys for Defendants Sergii*
*Fedorovych,*
*Maks Express, Inc. and Igor Makota*

William A. Austill
Conley W Knott
Brennan C Ohme
**AUSTILL LEWIS PIPKIN&**
**MADDOX, P.C.**
600 Century Park South
Suite 100
Birmingham, AL 35226
baustill@maplaw.com
c-knott@maplaw.com
bohme@maplaw.com
*Attorney for Defendants Denys*
*Muzyka and*
*GIG Logistics, Inc.*

W Christopher Waller, Jr
**BALL BALL MATTHEWS &**
**NOVAK PA**
445 Dexter Avenue Suite 9045
Montgomery, AL 36104
cwaller@ball-ball.com
*Attorney for Defendant Sergii*
*Fedorovych*

/s/ Joe A. King, Jr.
Joe A. King, Jr. (KIN 058)

14

**New Defendants to be served at these addresses:**

**To be served via special process server:**

Amazing Rides LLC
c/o PHYLLIS C WILKS, process agent
545 CO RD 715
HENAGER, AL 35978

**Serve via certified mail:**

Dmitriy Chebanenko
595 N PLUMTREE RD
BARRINGTON, IL 60010-2329