Case 5:20-cv-00620-LCB   Document 99   Filed 01/19/21   Page 1 of 7



FILED
2021 Jan-19 PM 02:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| PHILIP DWIGHT SISK, JR. )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SERGII FEDOROVYCH; VGV )<br>SERVICES INC.; MAKS EXPRESS INC., )<br>GIG LOGISTICS INC. )<br>NATIONWIDE GENERAL INSURANCE )<br>COMPANY; VASSILI GRICHAEV; IGOR )<br>MAKOTA; DENSY MUZYKA; BOBBY )<br>KING; ET, AL., )<br>)<br>Defendants. ) | CIVIL ACTION NO.:<br><br>5:20-cv-00620-LCB |

### ANSWER TO SECOND AMENDED COMPLAINT

Come now the Defendants designated as Sergii Fedorovych, Maks Express, Inc. and Igor Makota and for Answer to the Plaintiff's Complaint would state as follows:

### JURISDICTION AND VENUE

1. The Defendants do not have sufficient information or knowledge to respond to paragraph 1 of the Complaint.

2. The Defendants admit the allegations in paragraph 2 of the Complaint.

3. The allegations of paragraph 3 do not relate to these Defendants.

4. The Defendants admit upon information and belief the allegations of paragraph 4 of the Complaint.

5. The Defendants aver that paragraph 5 does not relate to these Defendants.

6. The Defendants aver that paragraph 6 does not related to these Defendants.

7. The Defendants aver that paragraph 7 does not relate to these Defendants.

8. The Defendants aver that paragraph 8 does not relate to this Defendants.

9. The Defendants admit the allegations in paragraph 9 of the Complaint.

10. The Defendants do not have sufficient information or knowledge to admit or deny the allegations of paragraph 10.

11. The Defendants do not have sufficient information or knowledge to admit or deny the allegations of paragraph 11.

12. The Defendants do not have sufficient information or knowledge to admit or deny the allegations of paragraph 12.

13. The Defendants admit the allegations of paragraph 13.

14. The Defendants do not have sufficient information to admit or deny the allegations of paragraph 14.

15. The allegations of paragraph 15 do not relate to these Defendants.

16. The Defendants admit the allegations of paragraph 16.

## FACTS COMMON TO ALL COUNTS

17. The Defendants admit that on or about January 30, 2019, a vehicular collision occurred on Alabama Highway 53 at or near the intersection of Old Railroad Bed Road in Madison County, Alabama. The Defendants deny that Sergii Fedorovych caused the accident to occur as alleged in the Complaint.

18. The Defendants admit that a collision occurred between Sergii Fedorovych and the Plaintiff, Philip Dwight Sisk, Jr. as alleged in paragraph 18 of the Complaint.

19. The Defendants admit that a collision occurred between Sergii Fedorovych and the Plaintiff.

20. The Defendants do not have sufficient information to respond to the allegations of

paragraphs 19, 20, 21, 22, 23 of the Plaintiff's Complaint.

21.  The Defendants deny the allegations in paragraph 24 of the Complaint and demand strict proof thereof.

22.  The Defendants aver that paragraph 25 does not relate to these Defendants.

23.  The Defendants aver that paragraph 26 does not relate to this Defendant.

24.  The allegations in paragraph 27 do not relate to these Defendants.

25.  The Defendants admit that Igor Makota was the president, CEO and sole shareholder of Defendant, Maks Express, Inc. The Defendants deny Mr. Makota was responsible for the accidents or injuries made the basis of the Plaintiff's Complaint and the remaining allegations of paragraph 28.

26.  The Defendants deny that Igor Makota was guilty of the allegations set forth in paragraph 29 of the Complaint.

27.  The Defendants deny the allegations of paragraph 30 of the Complaint.

28.  The Defendants do not have sufficient information to admit or deny the allegations of paragraph 31.

29.  The Defendants do not have sufficient information to admit or deny the allegations of paragraph 32.

30.  The Defendants do not have sufficient information to admit or deny the allegations of paragraph 33.

31.  The Defendants do not have sufficient information to admit or deny the allegations of paragraph 34.

32.  The Defendants deny the allegations of paragraph 35 and demand strict proof thereof.

33.  The Defendants do not have sufficient information to admit or deny the allegations

in paragraph 36 of the Complaint.

34. The Defendants deny the allegations of paragraph 37 of the Complaint.

35. The Defendants deny the allegations of paragraph 37 of the Complaint.

## COUNT I
## NEGLIGENCE/WANTONNESS
## NEGLIGENCY PER SE

36. The Defendants admit that a collision occurred, the remaining allegations of Count I are denied and the Defendants demand strict proof thereof.

## COUNT II
## NEGLIGENT/WANTON ENTRUSTMENT

37. The Defendants do not have sufficient information or knowledge to admit or deny the allegations of Count II of the Plaintiff's Complaint and demand strict proof therof.

## COUNT III
## NEGLIGENT/WANTON
## HIRING/TRAINING/SUPERVISION/RETENTION

38. The Defendants deny the allegations of Count III of the Plaintiff's Complaint and demand strict proof thereof.

## COUNT IV
## UNDERINSURED MOTORIST COVERAGE

39. Count IV of the Complaint does not relate to these Defendants.

## COUNT V
## FICTITIOUS PARTIES

40. The Defendants do not have sufficient information or belief to respond to Count V of the Complaint.

## AFFIRMATIVE DEFENSES

1. Defendants deny each and every material allegation of the Plaintiff's Complaint not

already admitted and demand strict proof of the same.

2. Defendants plead that the Complaint fails to state a claim upon which relief can be granted as a matter of law.

3. Defendants plead the general issue.

4. Defendants plead that they are not guilty of the things and matters alleged in the Plaintiff's Complaint.

5. Defendants affirmatively plead that the Plaintiff was guilty of contributory negligence which proximately caused his alleged injuries, and, as a result, he is not entitled to recover.

6. Defendants allege that the Plaintiff has failed to mitigate his injuries and damages, if any.

7. Defendants plead the doctrine of sudden emergency.

8. The award of punitive damages, to the extent if any, claimed by Plaintiff violate Article I, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and Article I, Section 6, and other provisions of the Constitution of Alabama.

9. Defendants aver that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at Alabama Code § 6-11-21 (Repl. Vol. 1993).

10. Defendants contend that the plaintiff is not entitled to an award of punitive damages, and that an award of punitive damages against the Defendants, on the facts of this case, would be contrary to the Constitution of the State of Alabama and the Constitution of the United States. Further, any award of punitive damages to the Plaintiff is limited to the standards set out in *BMW North American, Inc., v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

11. The Alabama system and structure for punitive damage awards, together with the claims for punitive damages sought by Plaintiff in this lawsuit, constitute a violation of the Due Process Clause of the Constitution of the United States, under authority of *BMW North American, Inc., v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). The allegations made by the Plaintiff in this action, and the Plaintiff's claims for punitive damages generally, and under the Alabama system specifically, constitute inadequate notice to Defendants as to deprive Defendants of due process of law.

/s/ William Middleton
WILLIAM L. MIDDLETON (ASB-0140-D66W)
NICHOLAS B. ROTH (ASB-0504072N)
Attorneys for Defendants Sergii Fedorovych,
Maks Express, Inc. and Igor Makota
Attorney Code # MID 002

OF COUNSEL:

EYSTER, KEY, TUBB, ROTH
MIDDLETON & ADAMS, LLP
Post Office Box 1607
Decatur, Alabama  35602
(256) 353-6761
(256) 353-6767 FAX
e-mail: wlmiddleton@eysterkeylaw.com

/s/ W. Chris Waller
W. CHRIS WALLER, JR. (WAL187)
Attorney for Defendant Sergii Fedorovych

OF COUNSEL:
BALL MATTHEWS & NOVAK, PA
445 Dexter Avenue, Suite 9045
Montgomery, Alabama 36104
(334) 387-7680
(334) 387-3222 FAX
e-mail: cwaller@ball-ball.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and/or U.S. Mail, postage prepaid, upon the following:

Joe A. King, Jr.
Joseph D. Aiello
Morris, King & Hodge, PC
200 Pratt Avenue NE
Huntsville, AL 35801
*Attorneys for Plaintiff*

David W. Henderson
Paul A. Clark
Hill, Hill, Carter, Franco Cole & Black, PC
P.O. Box 116
Montgomery, AL 36101
*Attorney for Defendant VGV Services, Inc.*

William A. Austill
Conley W. Knott
Brennan C. Ohme
Austill Lewis Pipkin & Maddox, PC
600 Century Park South, Suite 100
Birmingham, Al 35226
*Attorney for Muzyka and GIG Logistics, Inc.*

Travis Ian Keith
Gaines Gault Hendrix, PC
361 Summit Blvd., Suite 200
Vestavia, AL 35243
*Attorney for Defendant Nationwide General Insurance Company*

Amazing Rides, LLC
545 County Road 715
Henager, AL 35978

Dmitriy Chebanenko
595 N. Plumtree Rd.
Barrington, IL 60010-2329

/s/ William Middleton
OF COUNSEL