# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHEASTERN DIVISION

| | |
|---|---|
| **Philip Dwight Sisk, Jr.,**<br><br>**Plaintiff(s),**<br><br>v.<br><br>**GIG Logistics, Inc., Sergii Fedorovych, VGV Services, Inc., Maks Express, Inc., Nationwide General Insurance Company, Vassili Grichaevm, Igor Makota, Denys Muzyka, Bobby King, Amadey, LLC, et al.,**<br><br>**Defendant(s).** | **Civil Action No.**<br>**5:20-cv-00620-HNJ** |

## MOTION TO SET ASIDE DEFAULT JUDGMENTS AGAINST DENYS MUZYKA AND GIG LOGISTICS, INC.

COME NOW, the Defendants, Denys Muzyka and GIG Logistics, Inc., by and through the undersigned counsel, and file this Motion to Set Aside the Default Judgments Against Denys Muzyka and GIG Logistics, Inc., in accordance with Rules 55(c) and 60(b) Fed.R.Civ.P., and as good cause therefor, sets forth and assigns as follows:

## BACKGROUND

1. Plaintiff ostensibly served Interrogatories and Requests for Production directed to Defendant Muzyka with the Summons and Complaint, on July 29, 2020. *See Exhibit "A".*

Case 5:20-cv-00620-LCB   Document 122   Filed 04/23/21   Page 2 of 20

Sisk, Jr., Philip Dwight v. GIG Logistics, Inc. et al
Civil Action No.: 5:20-cv-00620-HNJ
Motion to Set Aside Default Judgments Against Denys Muzyka and GIG Logistics, Inc.

2. On November 3, 2020, the undersigned Answered on behalf of Defendants Muzyka and GIG Logistics, Inc. (Docs. 62 and 63).

3. Plaintiff subsequently served Interrogatories and Requests for Production directed to GIG Logistics, Inc. (Doc. 119).

4. On December 11, 2020, the undersigned served objections to Plaintiff's discovery requests, on behalf of Defendants Muzyka and GIG Logistics, Inc., but did not serve substantive answers or documents at that time.

5. On January 14, 2021, Plaintiff moved to compel these Defendants' response. (Doc. 119).

6. On January 21, 2021, the Court issued an order granting Plaintiff's motion to compel and directing Defendants, including Denys Muzyka and GIG Logistics, Inc., to respond to Plaintiffs Interrogatories and Requests for Production of Documents. (Doc. 101)

7. On January 18, 2021, the undersigned filed a Motion to Dismiss Defendant Denys Muzyka, arguing Defendant Muzyka had never been served with process and that, therefore, the Court lacked in personam jurisdiction. (Doc. 103). That motion was supported by an attorney affidavit, by undersigned counsel, documenting this attorney's unsuccessful efforts to make personal contact with Defendant Muzyka by personally travelling to the Chicago, Illinois, area and personally appearing at the addresses attributed to Defendant Muzyka in the Summons directed to him and Defendant GIG Logistics, Inc.

8. On January 27, 2021, the undersigned served Plaintiff with the insurance policy pursuant to which, the defense of Defendants Muzyka and GIG Logistics, Inc., is being provided. (Documents Bate Stamped ALPM 1 through ALPM 172.)

9. On February 9, 2021, Plaintiff moved for a Default Judgment against these Defendants with leave to prove damages at a later date. Plaintiff's motion was made pursuant to Rule 37 of the Federal Rules of Civil Procedure on the assertion that

Case 5:20-cv-00620-LCB   Document 122   Filed 04/23/21   Page 3 of 20

Sisk, Jr., Philip Dwight v. GIG Logistics, Inc. et al
Civil Action No.: 5:20-cv-00620-HNJ
Motion to Set Aside Default Judgments Against Denys Muzyka and GIG Logistics, Inc.

Defendants Muzyka and GIG Logistics, Inc., had failed to comply with the Court's prior discovery Order. (Doc. 119).

10. On February 15, 2021, these Defendants filed an objection to Plaintiff's Motion for Default Judgment. (Doc. 107). Arguments in that objection included Defense counsel's contention that Defendant Muzyka had never been properly served with the Complaint. This argument built on assertions in the Motion to Dismiss Defendant Denyz Muzyka, which highlighted Defense counsel's inability to locate Defendant Muzyka at the addresses where he supposedly lived and worked in the Chicago area, and on Defense counsel's findings that Defendant Muzyka was not a resident at the dwelling where the process server claimed to have effected service of process (i.e., 821 Indiana St., #2, Elmhurst, Illinois 60126), when service was supposedly effected (i.e., July 29, 2020).

11. On February 18, 2021, Plaintiff filed a Response to Denys Muzyka's Motion to Dismiss. (Doc. 108). In support of that Motion, Plaintiff submitted, among other things, the Declaration of Arthur Gross. (Doc. 108-3). In that Declaration, Mr. Gross identifies himself as the process server, and describes his effort to serve Defendant Muzyka, as follows:

> "5. On July 29, 2020, I travelled to the residence at the 821 Address, which is a two-story Blue Gray home with a side drive, to attempt service of process at that address.
>
> "6. When I arrived at the 821 Address around 12:38 p.m., a man answered the door, and be identified himself as Oleksandr Drukov. Mr. Drukov is a white male, approximately 40 years old, approximately 6 feet tall, with salt and pepper hair, green eyes and had facial hair consisting of a goatee.
>
> "7. During my conversation with Mr. Drokov, I asked him if Denys Muzyka lived at the address. Mr. Drukov responded that Mr. Muzyka did, in fact, reside at the location but that he was currently away from the residence.
>
> "8. While I was there, Mr. Drukov called Denys Muzyka on the telephone and spoke with Mr. Muzyka on the phone. I could hear the conversation. Mr.

Case 5:20-cv-00620-LCB   Document 122   Filed 04/23/21   Page 4 of 20

Sisk, Jr., Philip Dwight v. GIG Logistics, Inc. et al
Civil Action No.: 5:20-cv-00620-HNJ
Motion to Set Aside Default Judgments Against Denys Muzyka and GIG Logistics, Inc.

> Muzyka gave Mr. Drukov permission to accept service of process on behalf of Mr. Muzyka. Additionally, Mr. Drukov signed my field sheet.
>
> "9.   At that point, I served the Summons and Complaint on Denys Muzyka at the 821 Address, by personally delivering and leaving same with Oleksandr Drukov at the 821 Address."

*See Exhibit "B"*.

12.   On March 25, 2021, the Court conducted a hearing on the Motion to Dismiss Denys Muzyka and Plaintiff's Motion for Default Judgment against certain Defendants, including Denys Muzyka and GIG Logistics, Inc. During that hearing, the Court asked the undersigned whether he had been in communication with Defendant Muzyka. This attorney informed the Court of numerous efforts to communicate with Defendant Muzyka, by telephone, email, traditional mail, and by personally travelling to the Chicago area. The undersigned advised the Court that he had never received any return communication from Defendant Muzyka, and could not verify whether or not Defendant Muzyka ever personally received any of the undersigned's communications. At the conclusion of the hearing, the Court denied the Motion to Dismiss, and granted the Motion for Default Judgments against Defendants Muzyka and GIG Logistics, Inc., in a verbal ruling from the bench.

13.   On April 7, 2021, the Court reduced the Default Judgment to a written order, entitled "Default Judgment As To Fewer Than All Parties." (Doc. 119). In the Default Judgment, the Court recognized "[d]efault judgment is only appropriate where the party's noncompliance with a court's discovery order is willful or in bad faith." (Citing <u>Malautea v. Suzuki Motor Co., Ltd.</u>, 987 F.2d 1536, 1542 (11th Cir. 1993)). The Court further concludes:

> "Upon consideration of the parties' submissions, the Court finds that GIG, Denys Muzyka and Vassili Grichaev have failed to comply with this Court's Order of January 21,2021 by failing to properly respond to Plaintiffs Interrogatories and Requests for Production of Documents. Also, Defendant

Case 5:20-cv-00620-LCB   Document 122   Filed 04/23/21   Page 5 of 20

Sisk, Jr., Philip Dwight v. GIG Logistics, Inc. et al
Civil Action No.: 5:20-cv-00620-HNJ
Motion to Set Aside Default Judgments Against Denys Muzyka and GIG Logistics, Inc.

> Gig Logistics Inc. failed to produce the last known address of Defendant Bobby King, which prejudices Plaintiff who is without information to serve the Summons and Complaint on said Defendant. The Court finds that said Defendants willfully violated the Court's discovery order. The record in this case is clear that said Defendants were aware of the requests and the Court's Order and failed to respond. Said Defendants failure to comply was done despite this Court's order to show cause. Said Defendants' conduct is the type of willful violation that justifies the entry of default under Rule 37. Moreover, a less drastic sanction will not be effective in this case."

14. Following the March 25, 2021, hearing, the undersigned was contacted by Defendant Muzyka for the first time. As stated in the Declaration of Denys Muzyka, this communication was prompted by the fact that, on March 25, 2021, Defendant Muzyka received correspondence from the undersigned regarding this lawsuit. *See Exhibit "C"*.

15. The Declaration of Denys Muzyka further shows he is currently a resident of the Nation of Ukraine and has been in Ukraine since the Summer of 2019. *Id.*

16. The Declaration of Denys Muzyka further states that Muzyka was never a resident of the address where the process server Arthur Gross went to serve the summons and complaint. (The process server states he went to 821 N. Indiana, Apt. 2, Elmhurst, Indiana 60126. Defendant Muzyka states he never lived at 821 N. Indiana, <u>Apt. 1</u>, Elmhurst, Indiana 60126, but never in Apt. 2. Moreover, Defendant Muzyka states he never lived at 821 N. Indiana after Summer of 2019. He explains that he has lived in the Nation of Ukraine since that time.) *Id.*

17. Defendant Muzyka also specifically denies conferring permission to accept service on his behalf to Alexandr Drukov, stating: "I have never met a person by the name of Oleksandr Drukov, and I don't know who he is. I did not get any calls from him, and I did not give any permissions to him." *Id.*

18. Defendant Muzyka verifies he has been in Ukraine since 2019 and has been unreachable for some time. As a result, he states he had no knowledge of this civil

Case 5:20-cv-00620-LCB   Document 122   Filed 04/23/21   Page 6 of 20

Sisk, Jr., Philip Dwight v. GIG Logistics, Inc. et al
Civil Action No.: 5:20-cv-00620-HNJ
Motion to Set Aside Default Judgments Against Denys Muzyka and GIG Logistics, Inc.

action until March 25, 2021, when he received correspondence from Defense counsel. *Id.*

19. With regard to GIG Logistics, Inc., Defendat Muzyka states he is the President of GIG Logistics, Inc., but he also states he has no employees, and describes the company as "basically frozen" until he returns to the United States.

20. On April 22, 2021, the undersigned served opposing counsel with the following discovery responses:

    a. Denys Muzyka's Answers to Plaintiff's Interrogatories *(Exhibit "D")*;

    b. Denys Muzyka's Response to Plaintiff's Request for Production *(Exhibit "E")*;

    c. GIG Logistics, Inc.'s Answers to Plaintiff's Interrogatories *(Exhibit "F")*; and

    d. GIG Logistics, Inc.'s Response to Plaintiff's Request for Production *(Exhibit "G")*.

Thus, Defendants Muzyka and GIG Logistics, Inc., have now replied to all pending discovery requests to them in this civil action.

21. Prior to filing this motion, Defense counsel has conferred with Plaintiff's counsel and has been informed Plaintiff does intend to oppose this motion.

## SUMMARY OF ARGUMENT

The Declaration of Denys Muzyka establishes the fact that he was not aware of the lawsuit against himself and his corporation (GIG Logistics, Inc.), until less than 30 days ago, on March 25, 2021. He left the United States for Ukraine in the Summer of 2019, has not returned to the United States since then, and has been unreachable for some time. Moreover, GIG Logistics, Inc., has no employees and has been "basically frozen" since Defendant left the United States. These facts show Defendants Muzyka (as to himself personally, and as President of GIG Logistics, Inc.), were unaware of

Case 5:20-cv-00620-LCB   Document 122   Filed 04/23/21   Page 7 of 20

Sisk, Jr., Philip Dwight v. GIG Logistics, Inc. et al
Civil Action No.: 5:20-cv-00620-HNJ
Motion to Set Aside Default Judgments Against Denys Muzyka and GIG Logistics, Inc.

Plaintiff's discovery requests until the day Court granted the Motion for Default Judgment. More to the point, it shows these Defendants were unable to timely comply with the Court's discovery order, and their failure to respond to Plaintiff's discovery requests and their failure to comply with the Court's discovery order was ***not willful*** and was ***not in bad faith***. Therefore, Defendants respectfully submit that the findings supporting the Default Judgment were incorrect, and the Default Judgment is due to be set aside.

## ARGUMENT

The analytical structure utilized in the Northern District of Alabama for review of a Motion to Set Aside a Default Judgment which was entered as a sanction for noncompliance with the Court's discovery orders was expressed by Hon. C. Lynwood Smith, Jr., as follows:

> "A motion to set aside a default judgment is governed by Rules 55(c) and 60(b) of the Federal Rule of Civil Procedure. Rule 55(c) provides that, '[f]or good cause shown, the court ..., if a judgment by default has been entered, may ... set it aside in accordance with Rule 60(b).'"

Wessner v. Crosscreek Television Prods., Inc., No. CV-03-S-3408-S, 2005 WL 8158368, at *3 (N.D.Ala. Sept. 6, 2005). Federal Rule of Civil Procedure 60(b) provides several different grounds for relief, including where the judgment is void (Rule 60(b)(4)), and where any other reason that justifies relief (Rule 60(b)(6)).

In addition to proving relief is appropriate under Rule 60(b), Judge Smith held:

> "a court should set aside a default judgment for mistake, inadvertence or excusable neglect only if the defaulting party can show: '(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint.' Id. (citing Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir. 1990))."

Id., at *4.

Case 5:20-cv-00620-LCB   Document 122   Filed 04/23/21   Page 8 of 20

Sisk, Jr., Philip Dwight v. GIG Logistics, Inc. et al
Civil Action No.: 5:20-cv-00620-HNJ
Motion to Set Aside Default Judgments Against Denys Muzyka and GIG Logistics, Inc.

A.   **GOOD CAUSE TO SET ASIDE THE DEFAULT JUDGMENT EXISTS UNDER RULE 60(b)(4), AS TO DENYS MUZYKA**

Concurrent with this motion, Defendant Muzyka has filed a Renewed Motion to Dismiss, on grounds that he was never properly served with process in this case. Denys Muzyka's Renewed Motion to Dismiss is adopted and incorporated herein in full. The facts and law supporting Defendant Muzyka's Renewed Motion to Dismiss (including the newly revealed facts in the Declaration of Denys Muzyka) show this Court has never properly established *in personam* jurisdiction over Defendant Muzyka. Accordingly, the default judgment against him is void, and due to be set aside under Rule 60(b)(4).

B.   **GOOD CAUSE TO SET ASIDE THE DEFAULT JUDGMENTS AGAINST DEFENDANTS MUZYKA AND GIG LOGISTICS, INC., EXISTS UNDER RULE 60(b)(6)**

The Eleventh Circuit Court of Appeals has discussed the scope of Rule 60(b)(6), Fed.R.Civ.P., as follows:

> "[Rule 60(b)(6)] permits a judgment to be set aside for 'any other reason justifying relief from the operation of a judgment.' This clause is a broadly drafted umbrella provision which has been described as 'a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses.' 7 J. Lucas & J. Moore, Moore's Federal Practice ¶ 60.27[2] at 375 (2d ed. 1982). It is well established, however, that relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances. Ackermann v. United States, 340 U.S. 193, 202, 71 S.Ct. 209, 213, 95 L.Ed. 207 (1950). The party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result. United States v. Swift & Co., 286 U.S. 106, 119, 52 S.Ct. 460, 464, 76 L.Ed. 999 (1932)."

Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984).

Case 5:20-cv-00620-LCB   Document 122   Filed 04/23/21   Page 9 of 20

Sisk, Jr., Philip Dwight v. GIG Logistics, Inc. et al
Civil Action No.: 5:20-cv-00620-HNJ
Motion to Set Aside Default Judgments Against Denys Muzyka and GIG Logistics, Inc.

In this case, the circumstances which resulted in Defendants' default judgments are certainly extraordinary. With respect to Defendant Muzyka, the evidence before the Court establishes that he was not aware of this civil action until the day of the hearing on Plaintiff's Motion for Default Judgment against Defendant Muzyka. *See Exhibit "C".* He has not been in the United States since the Summer of 2019. *Id.* Instead, during all that time, he had been in the Nation of Ukraine, and unreachable. *Id.* Even assuming, arguendo, that the Court determines he was properly served when the process server delivered the summons and complaint to another individual at 821 N. Indiana, Apt. 2, Elmhurst, Illinois, there is absolutely no evidence to rebut the Defendant Muzyka's declaration showing he had no actual knowledge of the lawsuit. Consequentially, it is clear that Defendant Muzyka had no knowledge of Plaintiff's discovery requests and no knowledge of the Court's Order.

Defendant Muzyka's lack of knowledge was not the result of neglect. Counsel's attempts to contact Defendant Muzyka have been recounted in open Court and documented in the undersigned's affidavit which documented the undersigned attorney's personal trip to the Chicago area in an effort to find his client, Defendant Muzyka. *See Exhibit "H".* While attorney-client privilege prevents the undersigned from attaching the many letters and emails addressed to Defendant Muzyka in Illinois, counsel has attached proof of delivery documenting efforts to communicate with Defendant Muzyka by mail delivered on December 18, 2020, February 16, 2021, and March 19, 2021. *See Exhibits "I", "J" and "K".* Again, these are but a sample of many efforts to communicate. It is now known that none of those communications reached Defendant Muzyka, because he had not been in Illinois since 2019, and had been unreachable. *See Exhibit "C".* More specifically, it is now known that none of these letters reached him until one eventually found its way to Ukraine on March 25, 2021. *Id.*

Case 5:20-cv-00620-LCB   Document 122   Filed 04/23/21   Page 10 of 20

Sisk, Jr., Philip Dwight v. GIG Logistics, Inc. et al
Civil Action No.: 5:20-cv-00620-HNJ
Motion to Set Aside Default Judgments Against Denys Muzyka and GIG Logistics, Inc.

Simply put, Defendant Muzyka has never had a fair chance in this lawsuit. Despite extraordinary efforts to contact him, Defendant Muzyka never had actual notice of the lawsuit, or of the Court's discovery order until it was too late. His declaration shows he <u>never</u> willfully disobeyed a Court order in this case, and his failure to comply with the Court's discovery order was <u>not</u> in bad faith.

The same factors showing Defendant Muzyka should be relieved of the default judgment apply equally to GIG Logistics, Inc. A corporation is an artificial legal entity that can act only through its agents. <u>Daimler AG v. Bauman</u>, 571 U.S. 117, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014). Therefore, notwithstanding the question of service of process, GIG Logistics, Inc., was not able to do anything to respond to Plaintiff's discovery requests, except through the action of one of the officers of employees of the corporation. Unfortunately, as Defendant Muzyka has explained, GIG Logistics, Inc., has no employees and has been "frozen" since Defendant Muzyka left the United States for Ukraine in 2019. *Id.* In other words, the ability of GIG Logistics, Inc., to respond to discovery and to comply with the Court's orders was completely dependent on Defendant Muzyka. However, so long as Defendant Muzyka remained unreachable in Ukraine -- unaware of this lawsuit, unaware of Plaintiff's discovery requests, and unaware of the Court's discovery order -- there was no person available through whom GIG Logistics, Inc., could act.

As this Court correctly observed, the entry of a Default Judgment as a discovery sanction is only appropriate where the litigant's failure to comply with the Court's discovery order is ***willful and in bad faith***. (Doc. 119, citing <u>Malautea v. Suzuki Motor Co., Ltd.</u>, 987 F.2d 1536, 1542 (11th Cir. 1993)). This is consistent with firmly established holdings by the Eleventh Circuit Court of Appeals:

> "We consistently have found Rule 37 sanctions such as dismissal or entry of default judgment to be appropriate, however, only 'where the party's conduct amounts to flagrant disregard and willful disobedience of discovery orders.' <u>Buchanan v. Bowman</u>, 820 F.2d at 361 (emphasis added) (internal quotation marks omitted). See also <u>Wouters [v. Martin County]</u>, 9 F.3d [924] at 933 [(11th

Case 5:20-cv-00620-LCB   Document 122   Filed 04/23/21   Page 11 of 20

Sisk, Jr., Philip Dwight v. GIG Logistics, Inc. et al
Civil Action No.: 5:20-cv-00620-HNJ
Motion to Set Aside Default Judgments Against Denys Muzyka and GIG Logistics, Inc.

Cir. 1993)]('We have consistently held that while district courts have broad powers under the rules to impose sanctions for a party's failure to abide by court orders, dismissal is justified only in extreme circumstances and as a last resort.') (emphasis added); Cox [v. American Cast Iron Pipe Co.], 784 F.2d [1546] at 1556 [(11th Cir. 1986)] ('The decision to dismiss a claim, like the decision to enter default judgment, ought to be a last resort—ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders.') (emphasis added); Adolph Coors Co. v. Movement Against Racism, 777 F.2d 1538, 1542 (11th Cir.1985) (same); Malautea [v. Suzuki Motor Co., Ltd.], 987 F.2d [1536] at 1542 [(11th Cir. 1993)] ('[A] default judgment sanction requires a willful or bad faith failure to obey a discovery order.... Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal.') (emphasis added) (citation omitted)."

U.S. v. Certain Real Property Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (1997). Therefore, the Eleventh Circuit has also held:

> "Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal. In re Chase and Sanborn Corp., 872 F.2d 397, 400 (11th Cir.1989) (inability to comply)"

Malautea, 987 F.2d at 1542. Defendant respectfully submits that the evidence now before the Court unequivocally establishes that the failure of Defendants Muzyka and GIG Logistics., Inc., to timely comply with the Court's discovery order was not willful and not in bad faith. Accordingly, it is now apparent that the facts of this case do not support the entry of a default judgment against these Defendants. The Court is empowered to do equity and set aside these default judgments, and these Defendants implore the Court to do so.

Moreover, notice and an opportunity to respond are fundamental to the constitutional guarantees of Due Process Clause of the Fifth Amendment to the Constitution of the United States.

"The Eleventh Circuit has cautioned that

Case 5:20-cv-00620-LCB   Document 122   Filed 04/23/21   Page 12 of 20

Sisk, Jr., Philip Dwight v. GIG Logistics, Inc. et al
Civil Action No.: 5:20-cv-00620-HNJ
Motion to Set Aside Default Judgments Against Denys Muzyka and GIG Logistics, Inc.

" '[c]ourts must afford a sanctioned party due process ... in determining the bad faith required to invoke the court's inherent power to impose sanctions ... In re Mroz, 65 F.3d 1567, 1575 (11th Cir.1995) (citing Chambers, 501 U.S. at 49, 111 S.Ct. at 2135). "Due process requires that the [party] be given fair notice that [its] conduct may warrant sanctions and the reasons why." Id. (citing Donaldson v. Clark, 819 F.2d 1551, 155960 (11th Cir.1987)).' "

Zurich Am. Ins. Co. v. Bulldog Marine, Inc., No. CIV.A. 14-00294-WS-N, 2014 WL 7183866, at *2 (S.D. Ala. Nov. 20, 2014), report and recommendation adopted, No. CIV.A. 14-0294-WS-N, 2014 WL 7184408 (S.D. Ala. Dec. 16, 2014) (quoting In re Sunshine Jr. Stores, Inc., 456 F.3d 1291, 1306-7 (11th Cir. 2006)). The facts now before the Court show neither Defendants Muzyka nor GIG Logistics, Inc., had the requisite notice to satisfy due process with regard to the default judgments entered against them.

    If the Court will not set aside these default judgments, then Defendants Muzyka and GIG Logistics, Inc., will be called upon to pay damages to the Plaintiff. While the amount of damages remains to be determined, the damages claimed by Plaintiff are expected to be substantial. For example, a life care plan produced by Plaintiff in discovery shows he claims to face $914,442.12 in total costs for his future medical requirements resulting from the accident made the basis of this lawsuit. *See Exhibit "L"*. In addition, his claim for past medical bills includes one bill from Huntsville Hospital in the amount of $282,706.79. *See Exhibit "M"*. Plaintiff has produced other bills in discovery, and Defendants do not accede to Plaintiffs assertions of damages. Nonetheless, these two line-items of Plaintiff's special damages (totaling $1,197,148.91), should sufficiently demonstrate the fact that if the default judgments against these Defendants are not set aside, "an 'extreme' and 'unexpected' hardship will result." United States v. Swift & Co., 286 U.S. 106, 119, 52 S.Ct. 460, 464, 76 L.Ed. 999 (1932).

Case 5:20-cv-00620-LCB   Document 122   Filed 04/23/21   Page 13 of 20

Sisk, Jr., Philip Dwight v. GIG Logistics, Inc. et al
Civil Action No.: 5:20-cv-00620-HNJ
Motion to Set Aside Default Judgments Against Denys Muzyka and GIG Logistics, Inc.

Defendants therefore respectfully submit the facts of this case establish such an extraordinary set of circumstances that all the interests of justice call upon the Court to exercise its equitable powers under Rule 60(b)(6), and set aside the default judgments against Defendants Muzyka and GIG Logistics, Inc.

## D. THESE DEFAULT JUDGMENTS ARE DUE TO BE SET ASIDE UNDER GENERALLY APPLICABLE STANDARDS FOR SETTING ASIDE DEFAULT JUDGMENTS

### 1. These Defendants Have a Meritorious Defense That Might Affected the Outcome

In order to show a default judgment is due to be set aside, a Defendant must, among other things, show it

> " 'had a meritorious defense that might have affected the outcome.' Valdez [v. Feltman (In re Worldwide Web Systems, Inc.)], 328 F.3d [1291,] at 1295 [(11th Cir.2003)]. A general denial of the plaintiff's claims contained in an answer or another pleading is not sufficient. See id. at 1296; Solaroll Shade [& Shutter Corp. v. Bio–Energy Systems, Inc.], 803 F.2d [1130,] at 1133 [(11th Cir.1986)]. Rather, 'to establish a meritorious defense, the moving party must make an affirmative showing of a defense that is likely to be successful.' Valdez, 328 F.3d at 1296 (punctuation omitted)."

S.E.C. v. Simmons, 241 F. App'x 660, 664 (11th Cir. 2007).

In the case at bar, Defendants Muzyka and GIG Logistics, Inc., have testified in answer to Plaintiff's Interrogatories, and these answers establish a meritorious defense on both their parts. They testified "our company is not related to this truck, trailer, and this situation." *See Exhibit "F" (GIG Logistics, Inc's Answers to Plaintiff's Interrogatories, #29)*. Defendant Muzyka testified: "I don't know anything about this truck, this trip, and this collision." *See Exhibit "D" (Denys Muzyka's Answers to Plaintiff's Interrogatories, #7 and 26)*.

Case 5:20-cv-00620-LCB   Document 122   Filed 04/23/21   Page 14 of 20

Sisk, Jr., Philip Dwight v. GIG Logistics, Inc. et al
Civil Action No.: 5:20-cv-00620-HNJ
Motion to Set Aside Default Judgments Against Denys Muzyka and GIG Logistics, Inc.

More specifically, GIG Logistics, Inc., testified: "This Defendant did not own or lease the truck involved in the accident made the basis of this lawsuit." *See Exhibit "F" (GIG Logistics, Inc's Answers to Plaintiff's Interrogatories, #10)*. "Sergii Fedorovych was not an employee of GIG Logistics, Inc." *Id., at #11*. "[GIG's] dispatch didn't get any loads for him [Fedorovych]." *Id., at #22*. "Defendant no role in the inspection, maintenance, service or repair of the truck." *Id., at #26*. "Defendant had no role in selecting him [Fedorovych] as a driver." *Id., at #28*. As corporate representative of GIG Logistics, Inc., Defendant Muzyka testified, "I don't know anything about this truck, this trip, and this collision." *Id., at #13*.

For his part, Defendant Muzyka testified: "Sergii Fedorovych was not an employee of GIG Logistics, Inc., I do not know him." *See Exhibit "D" (Denys Muzyka's Answers to Plaintiff's Interrogatories, #8)*. "This Defendant did not own or lease the truck involved in the accident made the basis of this lawsuit." *Id., at #9 and 10. See also #22*. "Sergii Fedorovych was not employed by this Defendant or GIG Logistics, Inc., and neither this Defendant nor GIG Logistics, Inc., owned or leased the truck or trailer. Neither this Defendant nor GIG Logistics, Inc., provided the commercial truck or trailer to Sergii Fedorovych." *Id., at #14 and 15*. "This Defendant did not own or lease the vehicle involved in the accident made the basis of this lawsuit, and the driver of the vehicle was not an employee of this Defendant, and had no role in the inspection, maintenance, service or repair of the truck." *Id., at #16. See also #19*. Defendant Muzyka further testified he had no knowledge of the accident made the basis of this lawsuit until "March 25, 2021 through correspondence from my lawyer." *Id., at #17*.

With regard to Defendants Muzyka and GIG Logistics, Inc., Plaintiff claims these Defendants are liable for Defendant Fedorovych's negligence and/or wantonness under the doctrine of respondeat superior (Count I). (Doc. 1-1.) Plaintiff also claims his injuries resulted from the negligence and/or wantonness in the entrustment of the

Case 5:20-cv-00620-LCB   Document 122   Filed 04/23/21   Page 15 of 20

Sisk, Jr., Philip Dwight v. GIG Logistics, Inc. et al
Civil Action No.: 5:20-cv-00620-HNJ
Motion to Set Aside Default Judgments Against Denys Muzyka and GIG Logistics, Inc.

2019 Ford F350 to Defendant Fedorovych (Count II), and also in the hiring, training, supervising and retaining of Defendant Fedorovych (Count III). (Doc. 1-1.)

In their Answers to Interrogatories, Defendants Muzyka and GIG Logistics, Inc., have presented a complete defense to all claims. Their testimony shows they had no relationship with the Defendant-driver or the vehicle he was operating at the time of the accident, thus defeating an essential element of the respondeat superior negligence/wantonness claim. <u>Dickinson v. City of Huntsville</u>, 822 So.2d 411, 416 (Ala. 2001). Their testimony shows they did not entrust the vehicle involved in the accident to anyone, thus defeating an essential element of a negligent/wanton entrustment clam. <u>Chiniche v. Smith</u>, 374 So.2d 872 (Ala. 1979). Their testimony shows the Defendant/driver Fedorovych was not their employee, and that they had no role in selecting him as a driver, thus defeating an essential element of a claim for Negligent/Wanton Hiring, Training, Supervision and Retention. <u>Armstrong Bus. Servs., Inc. v. AmSouth Bank</u>, 817 So. 2d 665, 682 (Ala. 2001).

Thus, Defendants Muzyka and GIG Logistics, Inc., have established that they have meritorious defenses to Plaintiff's claims, which should be fully adjudicated on the merits.

**2.     Setting Aside the Default Judgments Would Not Unfairly Prejudice the Plaintiff**

Plaintiff will not be unfairly prejudiced if the default judgment is set aside. In the context of setting aside default judgments, Federal Courts have observed the following with regard to proving lack of prejudice:

> "for the setting aside of a default judgment to be considered prejudicial, it must result in more than delay. Rather, the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion."

Case 5:20-cv-00620-LCB   Document 122   Filed 04/23/21   Page 16 of 20

Sisk, Jr., Philip Dwight v. GIG Logistics, Inc. et al
Civil Action No.: 5:20-cv-00620-HNJ
Motion to Set Aside Default Judgments Against Denys Muzyka and GIG Logistics, Inc.

Thompson v. Am. Home Assur. Co., 95 F.3d 429, 433–34 (6th Cir. 1996); see also Kilbride v. Vrondran, No. CIV.A.07-0389-WS-M, 2007 WL 2775185, at *4 (S.D. Ala. Sept. 21, 2007). In the case at bar, none of these enumerated harms are likely to result from setting aside the defaults against Defendants Muzyka and GIG Logistics, Inc. In fact, having these Defendants present in this lawsuit as active Defendants is more likely to result in a greater amount of evidence and testimony available to Plaintiff in his effort to prosecute his case.

Mere delay in resolution -- resulting from setting aside a default – does not constitute prejudice for purposes of Rule 55(c), Fed.R.Civ.P. Capital Yacht Club v. Vessel AVIVA, 228 F.R.D. 389, 394 (D.D.C.2005) ("delay and legal costs are part and parcel of litigation and typically do not constitute prejudice for the purposes of Rule 55(c)"); see also Burrell v. Henderson, 434 F.3d 826, 835 (6th Cir.2006) (delay in adjudicating plaintiff's claim, without more, is not sufficient prejudice under Rule 55); and E. & J. Gallo Winery v. Cantine Rallo, S.p.A., 430 F.Supp.2d 1064, 1091 (E.D.Cal.2005) ("Having to try a case on the merits is not, without more, sufficient prejudice," where plaintiff's ability to pursue her claim is not hindered). Nonetheless, minimal discovery has taken place so far (including only a single deposition of Defendant Fedorovych). Plaintiff has only recently added additional Defendants (i.e., Dimitry Chebanenko and Amazing Rides, LLC) via a Second Amended Complaint filed on January 6, 2021. (Doc. 89). Those newly added Defendants did not Answer the Second Amended Complaint until March 3, 2021. (Doc. 109). In that several Defendants remain in this lawsuit without default judgments against them, Plaintiff (and the other parties) would be required to complete a great deal of work before the case is ready to try – whether or not the default judgments against these Defendants were set aside. The Court's exercise of its equitable powers in setting aside these default judgments cannot be expected to have an appreciable impact on the speed of movement of this case towards resolution.

Case 5:20-cv-00620-LCB   Document 122   Filed 04/23/21   Page 17 of 20

Sisk, Jr., Philip Dwight v. GIG Logistics, Inc. et al
Civil Action No.: 5:20-cv-00620-HNJ
Motion to Set Aside Default Judgments Against Denys Muzyka and GIG Logistics, Inc.

### 3. Good Reason Existed for these Defendant's Failure to Timely Comply with the Discovery Order

Defendants' reasons for failing to timely comply with the Court's discovery Order are set forth above, and Defendants' adopt that discussion herein, in satisfaction of the third factor for setting aside a default judgment under Rule 55, Fed.R.Civ.P.

In summary, Defendant Muzyka was not aware of the lawsuit against himself and his corporation (GIG Logistics, Inc.), until less than 30 days ago, on March 25, 2021. *See Exhibit "C"*. He left the United States for Ukraine in the Summer of 2019, has not returned to the United States since then, and has been unreachable for some time. *Id.* Moreover, GIG Logistics, Inc., has no employees and has been "basically frozen" since Defendant left the United States. *Id.* These facts show Defendants Muzyka (as to himself personally, and as President of GIG Logistics, Inc.), were unaware of Plaintiff's discovery requests until the day Court heard arguments on and granted Plaintiff's Motion for Default Judgment. Therefore, these Defendants were unable to timely comply with the Court's discovery order, and good reason existed for their failure to respond to Plaintiff's discovery requests and their failure to comply with the Court's discovery order.

Moreover, Defendants have come before the Court with this Motion to Set Aside the Default Judgments less than 30 days after the hearing at which the Court granted Plaintiff's Motion for Default Judgments verbally, from the bench. <u>Jackson v. People's Republic of China</u>, 550 F. Supp. 869, 874 (N.D. Ala. 1982) ("Rule 55(c), F.R.C.P., does not set a specific time for setting aside a default. However, courts have held that the moving party must act with reasonable promptness.) In order to make an affirmative showing of good faith in this case, these Defendants have used the time since March 25, 2021, to work with counsel to answer and respond to Plaintiff's outstanding discovery requests, all of which were served on opposing counsel on

Case 5:20-cv-00620-LCB   Document 122   Filed 04/23/21   Page 18 of 20

Sisk, Jr., Philip Dwight v. GIG Logistics, Inc. et al
Civil Action No.: 5:20-cv-00620-HNJ
Motion to Set Aside Default Judgments Against Denys Muzyka and GIG Logistics, Inc.

April 22, 2021. Given the fact that Rules 33 and 34, Fed.R.Civ.P., provide 30 days for a party to respond to interrogatories and requests for production, the undersigned submits that by completing the discovery responses and this Motion to Set Aside within 30 days of Defendant Muzyka learning of this lawsuit constitutes a prima facie timely response.

WHEREFORE, PREMISES CONSIDERED, Defendants Denys Muzyka and GIG Logistics, Inc., respectfully request the Court to Set Aside the Default Judgments against them, which are memorialized in Document 119 in this civil action.

Respectfully submitted,

By:   /s/ Conley W. Knott
William A. Austill (ASB-1217-A62W)
Conley W. Knott (ASB-9399-T54C)
Attorneys for the Defendants
GIG Logistics, Inc. and Denys Muzyka

OF COUNSEL:
Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South
Suite 100
Birmingham, AL  35226

**DEFENDANT RESPECTFULLY REQUESTS ORAL ARGUMENT**

Case 5:20-cv-00620-LCB   Document 122   Filed 04/23/21   Page 19 of 20

Sisk, Jr., Philip Dwight v. GIG Logistics, Inc. et al
Civil Action No.: 5:20-cv-00620-HNJ
Motion to Set Aside Default Judgments Against Denys Muzyka and GIG Logistics, Inc.

## **CERTIFICATE OF SERVICE**

   I hereby certify that, on the 23rd day of April, 2021, I have served a copy of the above and foregoing on counsel for all parties by:

_____   Facsimile transmission to the following;

_____   Hand delivery to the following;

_____   Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to the following:

X_____   Using the Electronic Filing system which will send notification of such to the following:


David W. Henderson
Hill, Hill, Carter, Franco Cole & Black, P.C.
Post Office Box 116
Montgomery, AL  36101
Email Address: dwhenderson@hillhillcarter.com
  Attorney For: VGV Services, Inc.

Joe King
Morris King & Hodge, PC
200 Pratt Avenue NE
Huntsville, AL  35801
Email Address: jking@mkhlawyers.com
  Attorney For: Phillip Dwight Sisk, Jr.

Joseph D. Aiello
Morris, King & Hodge, P.C.
200 Pratt Avenue NE
Huntsville, AL  35801
Email Address: jaiello@mkhlawyers.com
  Attorney For: Phillip Dwight Sisk, Jr.

Case 5:20-cv-00620-LCB   Document 122   Filed 04/23/21   Page 20 of 20

Sisk, Jr., Philip Dwight v. GIG Logistics, Inc. et al
Civil Action No.: 5:20-cv-00620-HNJ
Motion to Set Aside Default Judgments Against Denys Muzyka and GIG Logistics, Inc.

Sydney K. Brasfield
Ball, Ball, Matthews & Novak, P.A.
445 Dexter Avenue, Suite 9045
Montgomery, AL  36104
Email Address: sbrasfield@ball-ball.com
    Attorney For: Sergii Fedorovych

Travis I. Keith
Gaines Gault Hendrix, P.C.
361 Summit Boulevard
Suite 200
Birmingham, AL  35243
Email Address: tkeith@ggh-law.com
    Attorney For: Nationwide General Insurance Company

W. Christopher Waller, Jr.
Ball Ball Matthews & Novak PA
445 Dexter Avenue Ste. 9045
Montgomery, AL  36104
Email Address: cwaller@ball-ball.com
    Attorney For: Sergii Fedorovych

William L. Middleton
Eyster, Key, Tubb, Roth, Middleton & Adams, LLP
P. O. Box 1607
Decatur, AL  35602
Email Address: wlmiddleton@eysterkeylaw.com
    Attorney For: Maks Express, Inc.

William L. Middleton, Esq., III
Eyster, Key, Tubb, Waver & Roth, LLP
402 Moulton St E.
Decatur, AL  35602
Email Address: wlmiddleton@eysterkeylaw.com
    Attorney For: Igor Makota

                             /s/ Conley W. Knott
                             OF COUNSEL