UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **PHILIP DWIGHT SISK, JR.,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:20-cv-620-LCB |
| **SERGII FEDOROVYCH,** *et al.*, | ) |
| Defendants. | ) |

## OPINION & ORDER

This case arises from a car crash that occurred in Madison County, Alabama, in January 2019. (Doc. 82 at 4). Plaintiff Philip Dwight Sisk, Jr., seeks to hold a number of individuals and corporate entities liable for the crash, including Defendants Denys Muzyka and GIG Logistics Inc. *Id.* at 1–4. Muzyka and GIG jointly move to set aside the default judgment previously entered against them under Federal Rule of Civil Procedure 60(b). (Doc. 122 at 1). For the reasons below, the Court denies their motion to set aside judgment as meritless and denies their remaining motions[1] as moot.

---

[1] Also pending before the Court are: Muzyka's "renewed" motion to dismiss for insufficient service of process (Doc. 123); GIG's first motion in limine (Doc. 148); GIG's second motion in limine (Doc. 149); GIG's third motion in limine (Doc. 150); GIG's fourth motion in limine (Doc. 151); and GIG's fifth motion in limine (Doc. 152).

I.     BACKGROUND

The procedural history of this case is both peculiar and unsettling.[2] In January 2019, Sergii Fedorovych was driving a semitruck and towing an auto-transporter trailer when he collided with a Chevrolet HHR driven by Phillip Dwight Sisk, Jr. (Doc. 89 at 4). At the time of the crash, Fedorovych was working as an employee of GIG Logistics, Inc., a for-hire transportation company organized under Illinois law. (Doc. 82 at 3–5). Denys Muzyka, an Illinois resident who is of Ukrainian heritage, was GIG's owner and CEO. *Id.* at 7; (Doc. 122 at 5).

In July 2020, Arthur Goss, a private process server, determined that Muzyka's usual place of residence was located at 821 N. Indiana, Apt. 2, Elmhurst, Illinois. (Doc. 108-3 at 3). Goss attempted to personally serve Muzyka at the residence, but instead met Oleksandr Drukov. *Id.* at 4. Drukov confirmed that Muzyka lived at the residence, but stated that Muzyka was not home. *Id.* In Goss's presence, Drukov called Muzyka, and Muzyka gave Drukov permission to accept service of process on his behalf. *Id.* Goss then served Drukov with the complaint and departed. *Id.*

In January 2021, Muzyka moved to dismiss Sisk's second amended complaint for insufficient service of process. (Doc. 103 at 1). Additionally, Sisk moved to compel various discovery materials from Muzyka and GIG. (Doc. 101 at 1). The

---

[2] The Court pulls many of the following facts from Sisk's second amended complaint and assumes that such facts are true for purposes of Muzyka's and GIG's motion to set aside judgment.

2

Court granted Sisk's motion to compel and ordered Muzyka and GIG to produce the requested materials. *Id.* at 2. Neither Muzyka nor GIG complied. *Id.* at 1; (Doc. 119 at 3). Accordingly, Sisk moved for a default judgment against Muzyka and GIG as a sanction for their failure to comply with the Court's discovery order. (Doc. 104 at 1).

In April 2021, the Court ruled on Muzyka's motion to dismiss for insufficient service of process and Sisk's motion for default judgment. (Doc. 118 at 4); (Doc. 119 at 7). The Court denied Muzyka's motion to dismiss, finding that Goss's affidavit was credible and that Muzyka had produced no evidence showing that service was improper. (Doc. 118 at 4). The Court granted Sisk's motion for default and entered a default judgment against Muzyka and GIG, finding in part that Muzyka and GIG willfully and knowingly violated the Court's discovery order and that lesser sanctions would not suffice as an effective remedy "given the behavior of these particular Defendants." (Doc. 119 at 5–7).[3]

Less than two weeks later, Muzyka and GIG filed a joint motion to set aside the default judgment against them based on "newly acquired facts." (Doc. 122 at 1, 8). The newly acquired facts consisted of a one-page affidavit submitted by Muzyka. (Doc. 122-3 at 2). In his affidavit, Muzyka testified in relevant part that: (1) he had been in Ukraine since summer 2019 and that he had "been unreachable for some

---

[3] For a full recitation of Muzyka's and GIG's course of conduct, see (Doc. 119 at 3–6).

3

time"; (2) he is the president of GIG, but that "he has no employees; (3) GIG "is basically frozen" until he returns to the United States; (4) he does not know Drukov and "did not give any permissions to him"; and (5) he "first learned of this lawsuit" on March 25, 2021, when he "received correspondence" from his lawyer. *Id.*[4]

Based on his affidavit, Muzyka argued that the default judgment against him was void for insufficient service of process. (Doc. 122 at 8).[5] He also argued that he "never had a fair chance in this lawsuit" because, despite his attorney's "extraordinary efforts to contact him," he "never had actual notice of the lawsuit . . . until it was too late." *Id.* at 10. GIG, for its part, also relied on Muzyka's testimony, arguing that it could not have willfully violated the Court's discovery order since it is frozen until Muzyka returns to the United States. *Id.*

After Sisk filed an opposition, GIG filed a reply withdrawing its arguments based on Muzyka's affidavit. (Doc. 136 at 1–3). GIG explained that further investigation and consultation with counsel had revealed that some of the statements contained in Muzyka's affidavit "are not accurate." *Id.* at 2. Specifically, GIG requested that the Court strike Muzyka's statement that he has "no employees" and his statement that GIG "is basically frozen" until he returns to the United States. *Id.*

---

[4] Coincidently, perhaps, the Court also held oral arguments on and orally granted Sisk's motion for default judgment on March 25, 2021.

[5] Muzyka also filed a "renewed" motion to dismiss for insufficient service of process. (Doc. 123 at 1).

4

Nevertheless, GIG maintained that the Court should set aside the default judgment due to "the exceedingly difficult circumstances presented in this most unusual case[.]" *Id.* at 4.

On January 18, 2022, after reviewing the parties' briefs, the Court scheduled oral argument on Muzyka's and GIG's motion to set aside judgment and explicitly ordered Muzyka to appear at the hearing in person. (Doc. 170). The Court scheduled the argument for February 9, giving Muzyka over three weeks to make the trip from Ukraine. *Id.* On the Friday before the hearing, February 4, Muzyka moved to appear at the hearing via video teleconference or, in the alternative, to continue the hearing until an unspecified date when he could travel to the United States from Ukraine. (Doc. 171). Muzyka's only argument in support was that such relief is proper "[i]n the interests of justice and mercy." (Doc. 171 at 1–2). The Court denied the motion. (Doc. 172).

Sisk filed a supplemental opposition to Muzyka's and GIG's motion to set aside judgment. (Doc. 173 at 1). Attached to Sisk's supplemental opposition was the deposition testimony of Dmitriy Chebanenko. (Doc. 173-1 at 1). In his deposition, Chebanenko—who is one of the other individual defendants in this suit and, allegedly, Muzyka's fourth cousin—testified that he served as GIG's registered agent between February 2019 and September 2021. *Id.* at 16 18. Chebanenko further testified that he had been in regular contact with Muzyka about this suit and other

5

suits against Muzyka and GIG for several months leading up to March 2021. *Id.* at 11–18.[6]

On the morning of the hearing, Muzyka filed another motion, this time requesting that the Court "excuse him from attending" the hearing in person. (Doc. 174 at 2). In support, Muzyka submitted a one-page, hand-written affidavit in which he stated that is currently unable to leave Ukraine for tax reasons. (Doc 174-1 at 2). Neither Muzyka's motion nor his affidavit explained why Muzyka waited until the eleventh hour to file his motion to excuse personal appearance. Accordingly, the Court denied his motion and held the hearing as scheduled. Muzyka, to no one's surprise, was not present, wasting the valuable time of the seven attorneys who appeared to argue his motions.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 60(b) is the exclusive method for challenging a default judgment in the district court. *Nat'l Loan Acquisitions Co. v. Pet Friendly, Inc.*, 743 F. App'x 390, 391 (11th Cir. 2018) (per curiam). Under Rule 60(b)(4), a court may set aside a default judgment that is void. FED. R. CIV. P. 60(b)(4). A judgment is void where the court lacked personal jurisdiction over a party or where a party "was denied due process." *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 736 (11th Cir. 2014). Insufficient service of process, for

---

[6] Notably, neither Muzyka nor GIG moved to strike Sisk's supplemental opposition.

6

example, is grounds for setting aside a default judgment for voidness. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). The burden to prove voidness rests on the party seeking relief from judgment. *Friedman v. Schiano*, 777 F. App'x 324, 331 (11th Cir. 2019) (per curiam).

Rule 60(b)(6) offers another route for challenging a default judgment. Rule 60(b)(6), which is a catchall provision, allows a court to set aside a judgment when such relief would be improper under Rule 60(b)(1)–(5). FED. R. CIV. P. 60(b)(6); *Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1210 (11th Cir. 2014). This, however, is an extraordinary remedy. *Howell v. Sec'y, Fla. Dep't of Corr.*, 730 F.3d 1257, 1260 (11th Cir. 2013). A party seeking such relief bears the burden to show that "an extreme and unexpected hardship will result" unless the judgment is set aside. *Galbert v. W. Caribbean Airways*, 715 F.3d 1290, 1294 (11th Cir. 2013) (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)). And even when a party meets its burden, the reviewing court retains discretion to deny relief. *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (per curiam).

### III. DISCUSSION

Muzyka and GIG jointly move to set aside the default judgment against them under Rule 60(b). Muzyka seeks relief under Rule 60(b)(4) and Rule 60(b)(6). GIG, by contrast, seeks relief only under Rule 60(b)(6). As explained below, neither Muzyka nor GIG shows that such relief is proper.

7

### A. Muzyka

Muzyka fails to show that the Court should set aside the default judgment against him under Rule 60(b)(4) or Rule 60(b)(6). First, Muzyka argues that relief is proper under Rule 60(b)(4) because the default judgment against him is void for insufficient service of process. In support, Muzyka reasons that his affidavit establishes that he never received proper service in this case.

The problem for Muzyka, however, is that there is considerable record evidence indicating that his self-serving affidavit completely lacks credibility. Specifically, GIG—who shares the same counsel as Muzyka—withdrew its arguments in support of setting aside judgment against it after further investigation revealed that Muzyka's affidavit contains statements that are inaccurate. Even more damning is the deposition testimony of Chebanenko—a co-defendant and distant cousin of Muzyka—directly contradicting Muzyka's statement that he was unaware of this suit or the Court's discovery order before March 2021. And perhaps most troubling of all, Muzyka failed to appear at oral argument, despite the Court giving him ample time to travel from Ukraine to the United States.[7]

Simply put, Muzyka puts forth neither credible evidence nor persuasive argument that the default judgment against him is void for insufficient service of

---

[7] The Court finds that Muzyka's affidavit stating that he cannot leave Ukraine due to tax reasons is unpersuasive for the same reasons the Court finds that the affidavit attached to his motion to set aside default judgment is unpersuasive.

process. The Court reaffirms its previous finding that Goss's affidavit reliably shows that Muzyka received sufficient service of process. Accordingly, Muzyka fails to meet his burden to show that the Court should set aside the default judgment against him under Rule 60(b)(4).

Second, Muzyka argues that the Court should set aside the default judgment against him under Rule 60(b)(6). In essence, Muzyka maintains that he "never had a fair chance in this lawsuit" because, despite his attorney's "extraordinary efforts to contact him," he "never had actual notice of the lawsuit . . . until it was too late." Again, Muzyka's self-serving statements are not credible in light of the record evidence suggesting that Muzyka knew of this suit long before March 2021. Because Muzyka puts forth no persuasive evidence or argument that he will experience an extreme and unexpected hardship unless the Court sets aside the default judgment against him, Muzyka fails to meet his burden to show that relief is proper under Rule 60(b)(6).

### B. GIG

GIG fails to show that the Court should set aside the judgment against it under Rule 60(b)(6). Having withdrawn its initial arguments in support of its motion to set aside judgment due to the inaccuracies of Muzyka's affidavit, GIG is left with the sole argument that relief is proper under Rule 60(b)(6) due to "the exceedingly difficult circumstances presented in this most unusual case[.]" (Doc. 136 at 4). This

9

argument falls woefully short of establishing that GIG will face an extreme and unexpected hardship unless the Court sets aside the default judgment against it. Accordingly, GIG fails to show that relief is proper under Rule 60(b)(6).

## IV. CONCLUSION

For these reasons, the Court **DENIES** Muzyka's and GIG's joint motion to set aside the default judgment against them (Doc. 122) and **DENIES** their remaining motions[8] as moot.

Muzyka's course of conduct in this case reflects a complete lack of respect for Sisk, opposing counsel, and the United States judicial system. Such behavior is deplorable, wasteful of time and resources, and burdensome on the Court. Further, Muzyka's perfidious tactics are unwelcome in this Court. The Court would therefore reiterate that Sisk has leave to seek further sanctions against Muzyka and GIG without further order of this Court.[9]

**DONE** and **ORDERED** February 9, 2022.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

---

[8] *See supra* note 1.

[9] The Court wishes to make clear that this order is in no way intended to cast Muzyka's counsel in a negative light. Counsel has been candid with the Court throughout these proceedings regarding his efforts to secure Muzyka's compliance.